No.  2643

Second  Circuit

MARSTON  v.  PATTERSON

(February 24, 1927.  Opinion and Decree.)

(*Syllabus by the Editor*)

1.  Louisiana  Digest — Municipalities—Par.
    144, 162, 210, 212.

Under Sections 1, 4 and 5 of Act 27 of
1915, as amended by Act 107 of 1916,
assessments and lien made to pay the
costs of paving are not only made
against the individuals who own the
abutting property but against the prop-
erty and the owners thereof.

2.  Louisiana  Digest—Municipalities — Par.
    144, 162, 210, 212.

Where the sale of a lot abutting on a
street to be paved is made during the
progress of the work and before it was
completed, the lien for the paving
under Act 27 of 1915, as amended by
Act 107 of 1916, applies against the
property and both owners.

Appeal from the First Judicial District
Court of Louisiana, Parish of Caddo.

Action by J. G. Marston against W. G.
Patterson.

There was judgment for plaintiff and
defendants appealed.

Judgment affirmed.

Blanchard, Goldstein & Walker, of
Shreveport, attorneys for plaintiff, ap-
pellee.

Dickson & Denny, of Shreveport, attor-
neys for defendants, appellants.

ODOM, J.   Plaintiff brings this suit
against W. G. Patterson and John W.
Roby to enforce a paving lien.

Plaintiff is the holder and owner of
three paving certificates each for the sum
of $45.59, aggregating $136.77, dated
August 6, 1920, due in two, three and four
years from date, all executed by the de-
fendant, W. G. Patterson, and secured by
a lien on certain property in the city of
Shreveport.

Plaintiff acquired said certificates in due
course and before maturity and for value.

This suit is to recover the amount of
the certificates with interest and attor-
ney's fees and for recognition of the pav-
ing lien against the property, now owned
by the defendant, John W. Roby, and to
have said property seized and sold to
satisfy said debt.

There was judgment for plaintiff as
prayed for and defendants appealed.

OPINION

The defendant, W. G. Patterson, owned
certain property in the city of Shreve-
port.  The street in front of the property
was paved under authority of the city in
1920 under Act 27 of 1915, as amended
by Act 26 of 1916, and as amended also by
Act 107 of 1916.

On July 27, 1920, the city council of the
city of Shreveport by ordinance formally
accepted the paving and ordained:

"That an assessment is thereby made
and the same is hereby levied against the

hereinafter described properties and the owners thereof, the same being proportionate amounts due by the said abutting properties and the owners thereof for the paving construction upon Dalzell street to Highland avenue, according to the following frontages abutting said street in the city of Shreveport."

Then follow the names of the owners and the amount due by each.

The ordinance further provides:

"That all of the above amounts shall be due and payable immediately upon the final passage of this ordinance, and if not paid within ten days thereafter that the city of Shreveport or its transferees shall have the power to proceed by suit against the assessed properties and the owners thereof to enforce collection of the amounts of said assessments. * * *"

The ordinance further provides, however, that the property owners shall have the privilege of paying 20% of said amounts within ten days and the balance in four equal annual installments, said installments to be evidenced by promissory notes payable to the order of the city of Shreveport maturing in one, two, three and four years from their date.

It was further provided that the ordinance should be recorded in the office of the recorder of mortgages of Caddo parish, and:

"That the purpose of said recordation is to assert, publish and maintain the city's and its transferee's lien and privilege against said abutting property owners as provided by law."

At the time the paving of the street was provided for by the city, Patterson was the owner of the property affected by the lien now sought to be enforced, and from statements made by counsel in brief we infer that he signed a petition asking that the city have the paving done; but

during the progress of the work and before it was completed and accepted by the city he sold it. The property went into the hands of John W. Roby, who now owns it and is a party to this suit.

When the paving was completed and accepted by the city it was ascertained that the proportionate amount due for the paving by the property formerly owned by Patterson, now owned by Roby, was a certain amount. Of this amount Patterson, or someone else, the evidence does not show who, evidently paid 20% of the amount, for the mayor, on August 6, 1920, issued four certificates, each for the sum of $45.59, denominated:

"SPECIAL PAVING ASSESSMENT CERTIFICATE."

Which certificates recite that, in accordance with Act 27 of 1915, as amended by Act 26 of 1916, and as amended by Act 107 of 1916 and an ordinance of the city of Shreveport of date July 27, 1920, the amounts set forth therein are due by W. G. Patterson on property owned by him fronting on Dalzell street in the city of Shreveport, which property is described, and recites:

"The amount herein certified is secured by lien and privilege on above described property, prior to all other charges except taxes."

The certificates are signed by the mayor.

Following each certificate and attached thereto is a promissory note in the following words and figures, to-wit:

"Shreveport, La., Aug. 6, 1920.
"On or before Aug. 6, (1921, 1922, 1923 and 1924), I promise to pay to the order of the City of Shreveport, $45.59 (Forty-five and 59-100 Dollars), with eight per cent interest per annum (said interest payable annually as per coupons attached and on surrender of said coupons) from

Aug. 6, 1920, and ten per cent on principal and interest if this note is placed in the hands of an attorney for collection after maturity, as per special paving assessment certificate hereto attached."

(Signed) "W. G. PATTERSON."

These notes were made and signed in accordance with Section 6 of Act 27 of 1915, which recites:

"As evidence of such deferred payments the property owner shall sign and execute four promissory notes payable to the municipality, each for twenty per cent of the amount due by him, dated ten days after the passage of the ordinance accepting the work."

The notes were duly paraphed by the secretary-treasurer of the city.

Plaintiff is the holder and owner for value and before maturity of three of said certificates, aggregating $136.77, all past due. He seeks to enforce payment thereof and to have the property subject to the lien sold in default of payment.

The mayor and the city council of the city of Shreveport seem to have followed the letter of the paving laws in all its proceedings.

Patterson, the maker of the notes, defends the suit on the ground that the certificates and notes are not valid for the reason he was not the record owner of the property at the time the paving was accepted and the certificates and notes issued; and Roby, while admitting that he is the present owner of the property, defends on the same ground and, in addition, sets up that his property is not subject to the lien because the assessment was made against the property in the name of Patterson as the owner.

In our opinion, the defense of neither Patterson nor Roby is well founded.

Under Section 1 of Act 27 of 1915, as amended by Act 107 of 1916, municipal authorities of cities, towns and villages are invested with power, under certain conditions, to pave streets—

"and shall have the power to levy and collect special taxes or local assessments on the real estate abutting the street or alley to be improved, for the purpose of defraying the entire cost of said work."

Section 4 of Act 27 of 1915 provides that, upon final and satisfactory completion of the work, the municipal authorities shall accept the same by ordinance, and—

"provide for the assessment of all abutting real estate and railroad tracks and roadbeds in the amounts due by the owners thereof, according to the rule of apportionment stipulated in this act."

And that—

"a certified copy of such ordinance containing the assessment shall, within ten days after its passage, be filed for record in the office of the recorder of mortgages in the parish in which said assessed property is located, and the same when so filed and recorded shall operate as a lien and privilege in favor of said city or town, or its transferees, against the real estate and railroad tracks therein assessed."

Section 5 of the act provides that in case the amounts assessed in the ordinance are not paid within ten days—

"the city or town, or its transferees, shall have the power to proceed by suit against the assessed properties and the owners thereof, to enforce collection of the amounts of said assessments."

In Section 6 of the act it is provided that:

"As evidence of such deferred payments the property owners shall sign and execute four promissory notes payable to the order of the municipality * * * which

notes, when paraphed by the city clerk or secretary to identify them with the ordinance levying the assessment, shall carry with them in the possession of any owner the lien and privilege above provided."

(Boldface type ours.)

Such assessments are not made against individuals but against the property and the owners thereof. It does not matter, therefore, in whose name the assessment is made. The abutting property and the owners thereof are bound for the debt and the lien and privilege follows the property into whatever hands it may pass if the ordinance accepting the paving, fixing the amounts due on the properties and assessing the lien is filed and recorded in the mortgage records of the parish in ten days, as was done in this case.

At the time the assessment in this case was made Roby was the owner of the property, but the assessment was made in the name of Patterson who, as owner, petitioned for the pavement. It is of no moment who was named as the owner of the property in the ordinance levying the assessment as the assessment was against the property and the owner thereof, whoever the owner may have been at the time the assessment was made.

A similar question arose in the case of Pratt vs. Graham Company, Ltd., decided by the Orleans Court of Appeal on March 17, 1919, No. 7451.

In that case it was admitted that at the time the paving was laid and when the certificates were issued the defendant—

"was and still is the owner of the property described and the only defense herein set up is that the certificates sued upon are null and void because they were issued in the name of one who was not the owner of the property at the time the paving was done or the certificates issued, the fact being that the certificates

in the form of a bill addressed to one A. B. Dennis, one-time owner of the property but no longer so."

And the court held, through Judge St. Paul as its organ, that—

"under the circumstances it is quite immaterial who was described as the owner since it does not appear that anyone has been or will be misled or prejudiced by the error."

In the case at bar it appears that at the time Roby purchased the property he procured the issuance of a certificate of mortgages by the recorder of mortgages which did not show the paving lien, and he contends that to subject his property to the payment thereof would work a hardship and injustice upon him.

But the court can give him no relief in this case on that account.

The paving assessment was levied by ordinance of the city and the ordinance was registered in the mortgage records of the parish, all in strict compliance with the statute. Whether the recorder's certificate showed the lien or not the facts are that the paving was done, the cost thereof assessed against the property and the ordinance levying the assessment duly registered.

Aside from this, Roby was not misled. The certificate of the recorder referred to was made on November 12, 1924, in connection with a sale made by James M. Wiley to Roby on November 13, 1924, of ninety-two feet of lot 245 of the Pinehurst subdivision of the city of Shreveport. The paving assessment in question was made against all of lot 245 and the west 5.3 feet of lot 246 of that subdivision. More than three years prior to that time, to-wit,

May 18, 1921, The Vineyard Construction Company, Inc., sold to the said Roby, James M. Wiley and Mrs. May C. Mazyck certain portions of the same lot 245 to be used as an alley, and the purchasers, Roby being one of them, as part consideration of the sale, assumed the payment of the identical lien which he now seeks to defeat. That deed is notarial in form, is signed by Roby and the other purchasers, and reads, in part, as follows:

"This sale is made for the consideration of the sum of one hundred and no-100 dollars, cash in hand paid, receipt of which is hereby acknowledged, and the assumpsit by the said John W. Roby, and James M. Wiley, and Mrs. May C. Mazyck of **any and all paving liens for paving abutting lot 245 and the west half of the alley south of and adjoining same.**"
(Boldface type ours.)

In the case of Rosetta Gravel P. & I. Co. vs. Jollisaint, 51 La. Ann. 804, 25 South. 477, the court held, to quote the syllabus:

"The lien and right of pledge resulting from a local assessment for street paving attaches to property of the abutting proprietor, without reference to the person in whom title is actually vested; and proceeding taken against same for the enforcement of such lien and pledge is one in rem, notwithstanding the title holder be cited for the purpose of carrying same into effect."

See Barber Asphalt Paving Co. vs. Watt, 51 La. Ann. 1346, 26 South. 70.

Under the plain letter of the paving statute and under repeated decisions of the Supreme Court, the property of Roby, against which the assessment was made, is subject to the lien, and if the certificates and notes representing the same are not paid the property may be sold in satisfaction of the debt.

For the reasons assigned, the judgment appealed from is affirmed.