NATHALIE JUDICE, wife of P. LEBESQUE, *v.* CHARLES KERR.

A creditor with a tacit mortgage is not bound to follow the proceeds of the sale of the property in the hands of the Sheriff, and enjoin him from paying them over: he may pursue the property itself.

Where the amount due by the husband to the wife has been fixed by a judgment obtained contradictorily with a creditor of the husband, such judgment is *res judicata* as to the amount due by the husband to the wife, as well against the assignees of the creditor as the creditor himself.

A wife, by the hypothecary action, sought to make property, which had been bought at a sale provoked by a creditor of the husband, liable for her claim. *By the Court :* Under Article 711 of the Code ot Practice, such a privity exists between the purchaser and the suing creditor, that the purchaser may call on the suing creditor to appear in the suit and defend him, or directly avail himself of any legal or equitable defence by which the suing creditor might himself oppose the hypothecary action.

Where after a judgment obtained by the wife against the husband for a specific amount, a public act has been made, signed by the husband and wife, fixing the sum due her for dotal and paraphernal rights at that established by the judgment—such public act is an estoppel to the wife's claiming from the husband, as against his creditors, a larger amount. Third persons have a right on the faith of the public act, in connection with the judgment, to consider themselves secure in purchasing property of the husband free from all claim on the part of the wife, except for the balance which, by the act, appeared to be due her.

APPEAL from the District Court, Parish of St. Martin, *Voorhies, J. A. Voorhies*, for plaintiff. *E. Simon*, for defendant and appellant, and *J. G. Olivier*, for warrantor.

OGDEN, J. The decision of this cause turns on a question as to the force and effect of a judgment rendered between two of the parties before us, which it is contended, on the part of the appellants, has the authority of the thing adjudged, and settles the controversy in the present suit. The circumstances under which the question arises are peculiar—no cases have been cited as authorities for our guide, and the proper solution of it must depend on the application of the well known general principles of law and the correct interpretation of the provisions of the Code. The plaintiff's husband on the 29th of November, 1849, made a sale to her of certain property, consisting of houses and lots in St. Martinsville, and ten slaves, for the price of four thousand, five hundred and fifty dollars, which, the notarial act recites, is to be considered as so much of a larger sum due by the husband to the wife for her dotal and paraphernal effects, received by him during the marriage. *Felicité Neda*, a creditor of the husband, on the 11th November, 1850, instituted a suit against the plaintiff and her husband, *P. Lebesque*, to set aside the sale thus made to the wife, denying that the husband was indebted to his wife in the amount specified as the consideration of the sale, and charging the sale to be fraudulent and prejudicial to her rights as a creditor of the husband. The wife, who is the present plaintiff, joined issue in that suit, alleged in her answer that she was ready to prove that her husband was indebted to her in a much larger amount than the sum for which she had received from him the transfer of property sought to be annulled, and prayed to be quieted in her title under the sale.

The case was tried and a judgment rendered, in which it was established that the rights of the wife amounted only to the sum of $3497 39, and the transfer to her by her husband was annulled and set aside, reserving to the wife, in the words of the judgment, "the right to exercise her legal mortgage on the property to an amount sufficient to secure the payment of her said claim." This judgment was rendered on the 5th of April, 1851, and no appeal from it has ever been taken. On the 13th of May, 1851, *Pierre Lebesque*, by notarial act, made another transfer to his wife of the same property embraced in the first alienation, with the exception of one of the houses and lots in St. Martinsville, which is not embraced in the transfer and is the same that now forms the subject of controversy. The consideration is stated as follows to be : "the sum of three thousand and twenty-five dollars, to be credited on the sum of three thousand and forty-nine dollars, fifty-one cents, and four hundred and forty-seven dollars, eighty-eight cents, which *Lebesque* owes to his wife for the replacement of her dotal and paraphernal effects, which amount together to the sum of three thousand, four hundred and ninety-seven dollars, thirty-nine cents, that the said *Lebesque* had converted to his own benefit during the marriage." This act is signed by both husband and wife. Shortly after, a suit is instituted by the wife, who is the present plaintiff, against her husband, for a separation of property. She claims three thousand and forty-nine dollars and fifty-one cents, as coming to her from the succession of her father, and nineteen dollars and ninety cents, as coming from the succession of her mother, claims two slaves as belonging to her, and a judgment against her husband for the balance due to her after crediting him with the sum of three thousand and twenty-five dollars, the price of the property transferred to her by the last act of alienation. *Felicité Neda* filed a third opposition in this suit, which, however, was subsequently withdrawn, and the wife of *Lebesque* obtained a judgment against him for a sum far exceeding the amount at which her rights had been established in the previous suit of *Felicité Neda* against herself and husband. On the 12th of August, 1851, the defendant in this suit became the purchaser of the property in dispute at a Sheriff's sale, under execution issued on a judgment obtained by *Felicité Neda* against *P. Lebesque* for one thousand eight hundred dollars, with interest, which judgment was rendered as far back as the 7th April, 1849. The property was adjudicated to him for one thousand, three hundred and ten dollars, for which he executed a twelve month's bond, according to the terms of the sale. It is admitted that one hundred and fifty dollars of the above price has been paid, and the balance remains due. The only other fact, which it may be material to notice, is, that after the second transfer made by *Lebesque* to his wife, *Felicité Neda* caused a portion of the property, embraced in the transfer, to be seized under an execution on her judgment—that the plaintiff, *Nathalie Judice*, filed a third opposition, claiming the property under the last sale made to her, and that a judgment was rendered sustaining her opposition, on the ground that the second transfer, made to her by her husband, was for a legitimate consideration and in no wise affected by the judgment annulling the first transfer.

The plaintiff having, under these circumstances, obtained a judgment against her husband for about the sum of one thousand, four hundred and forty-nine dollars, as due to her over and above the value of the property transferred to her, now seeks by an hypothecary action to render the property purchased by the defendant *Kerr*, liable for the amount. The defendant, in his answer, de-

nies the indebtedness of her husband to her, and charges the judgment to have been obtained by fraud and collusion, and denies that it can have any effect against him as the purchaser of the property, or against *Felicité Neda*, the suing creditor, under whose execution he purchased, and prays that *Felicité Neda* may be made a party to the suit, and cited to protect the title transferred to him by the Sheriff. *Felicité Neda*, without any objection being raised by the plaintiff to her being made a party, appears and joins issue with both parties—she denies that she is bound to warrant the defendant's title, and denies that the plaintiff's claim against her husband is greater than the amount which she says was definitively established in the former suit between them, and plends that judgment as *res judicata* against the plaintiff.

The defendant sets up also another defence to the action which we think cannot be maintained. He contends that, inasmuch as the price of the property remains unpaid, a creditor seeking to enforce a tacit mortgage has no right to disturb the sale which has been regularly made under the execution of another, but must look to the proceeds in the hands of the suing creditor, which, he says, being in the shape of a twelve months' bond, not yet satisfied, is within the reach of the plaintiff. We do not understand that to be the law—the creditor with a tacit mortgage may, if he chooses, look to the proceeds of the sale in such a case and enjoin the Sheriff from paying them over, but it by no means follows that his rights cannot be exercised by pursuing the property itself. That defence was, therefore, properly overruled. It then remains to be decided, what effect in the present controversy is to be given to the judgment in the suit of *Felicité Neda* against *P. Lebesque* and his wife. If that judgment is to be considered as *res judicata* in this suit, it fixes the amount of the plaintiff's claim against her husband at the sum of $3497 39, of which she has been paid $3025, leaving a balance due to her of only $472 39, instead of $1449, for which she obtained judgment against her husband. The plaintiff contends that the judgment in the suit of *Felicité Neda* against *Lebesque* and wife, annulling the first transfer, cannot be considered as a judgment fixing the amount due to the wife. We cannot so consider it. The object of the plaintiff in that suit was to compel the present plaintiff to prove the real amount due to her by her husband, in order to render as much property of the husband, as might remain after satisfying the wife's claim, subject to the judgment she had obtained against him. Issue was joined between the parties directly on that point, and we are bound to consider that, as between *Felicité Neda* and *Nathalie Judice*, respecting the rights of the latter as a mortgage creditor of her husband, the judgment fixed the amount of the rights of the wife, and, not having been appealed from, was final and conclusive. But it is next contended that the defendant, *Kerr*, not having been a party to that suit, cannot avail himself of the benefit of the plea of *res judicata* based on that judgment. The principle is well settled that a judgment rendered by a competent tribunal is final and conclusive, not only between the parties themselves, but also as to their successors or *ayans cause*. See Pothier on Obligations, Nos. 901, 904; *Delabigarre* v. *Municipality*, 3d Ann. R. 230. In what relation then does the present defendant stand to *Felicité Neda*, who was the party plaintiff in the suit in which the judgment was rendered establishing the amount of plaintiff's rights against her husband? He derives his title from a sale made under an execution issued on her judgment against *Lebesque*. He has not paid the purchase money, and if he is evicted from the property, he will not be

bound to pay. Art. 711 of the Code of Practice declares, that when a suit has been commenced against the purchaser, in virtue of a general mortgage, to make him quit the property, he may retain the price, unless the suing creditor shall relieve him from the disturbance, or give him security against it. Such a privity then exists between the purchaser and the suing creditor, that he may, in our opinion, either call on the suing creditor to appear in the suit and defend him, or directly avail himself of any legal or equitable defence by which the suing creditor might himself oppose the hypothecary action—and this right is the more important to him because, by Article 713, if he has paid the money he only has recourse to the party in execution and not to the suing creditor. The suing creditor did become a party to this suit, and has set up the plea of *res judicata*, and even if any objection could have been made to his being cited as a party to the suit, it appears none was made in the Court below. The defendant, as well through the aid of the suing creditor whom he has called to protect his title, as by his succession to all the rights of the suing creditor by virtue of the Sheriff's adjudication, has a right to invoke the benefit of the final judgment, by which the rights of the plaintiff in the suit against her husband were established. We are also of opinion that the plaintiff is estopped from asserting a larger claim against her husband, so as to operate a prejudice to his creditors, by the public act signed by herself and her husband a little more than a month after the judgment was rendered fixing the amount due to her, in which they declare that her paraphernal and dotal rights amount to that exact sum, as fixed by the judgment. Third persons had a right, on the faith of that declaration in connection with the judgment rendered, to consider themselves secure, in purchasing property of the husband, from all claim on the part of the wife, except for the balance which, by that act, appeared to be due to her. For that balance, which is $472 39, the property in the hands of the defendant is still liable.

It is, therefore, ordered, adjudged and decreed, that the judgment of the Court below be avoided and reversed, and proceeding to give such a judgment as, in our opinion, ought to have been rendered—it is ordered, adjudged and decreed, that the property described in the plaintiff's petition and in possession of the defendant, be seized and sold to satisfy the sum of four hundred and seventy-two dollars, thirty-nine cents, the balance due to the plaintiff by her husband, *P. Lebesque*, with interest at the rate of five per cent. per annum from the 25th of June, 1851, and that the costs of this appeal be paid by the plaintiff and appellant, and the costs of the Court below by the defendant.