O’NIELL, Chief Justice.
 

 On the 22d of October, 1929, Prank M. Cook and Sidney M. Cook lent $8,000 to John E. Murray on his promissory note secured by a mortgage on Murray’s lot in Shreveport. The mortgage was recorded on the same day, and was then the only mortgage or lien on the property. On that day the city council of Shreveport adopted an ordinance accepting from a contractor the paving of the street in front of Murray’s property, and levying a special assessment of $1,018.39 against the property. The ordinance, however, ’ was not filed for record in the mortgage office until the 12th of November, 1929, — more than ten days after the acceptance of the work. Thereafter Murray paid 20 per cent, of the $1,018.39 assessment, and gave his four promissory notes, to which were annexed four paving certificates, for the remaining 80 per cent., $814.71, according to the provisions of the statute under which the paving was done. Act No. 187 of 1920, as amended by Act No. 115 of
 
 *1017
 
 1922. The certificates for the $814.71 were recorded on the 4th of December, 1929.
 

 Murray failed to pay the mortgage note of Frank M. Cook and Sidney M. Cook when it matured, and failed to pay the taxes on the mortgaged property. Frank M. and Sidney M. Cook paid the delinquent taxes and were subrogated to the tax lien on the property. Thereafter Murray transferred the property to Frank M. and Sidney M. Cook in payment of the debt secured by the mortgage and the debt secured by the tax lien. Frank M. and Sidney M. Cook did not observe then that the lien securing the paving certificates for $814.-71 was recorded against the property. They learned after they had taken over the title from Murray that the municipal ordinance accepting the paving, and the paving certificates for $814.71, were recorded against the property, and that Dr. A. Lemoine had bought the certificates from the city. Frank M. and Sidney M. Cook, therefore, brought this suit to cancel the inscription of the paving lien, as a cloud upon their title. They contended that the city’s right to a paving lien was lost by the neglect or failure of the city to record the ordinance within ten days after it was adopted, accepting the paving and levying the assessment.
 

 Dr. Lemoine, answering the suit, claimed a lien superior to the plaintiffs’ mortgage, notwithstanding the municipal ordinance accepting the paving was not recorded within ten days after it was enacted. Dr. Lemoine pleaded also that the paving of the street in front of the mortgaged property had enhanced its value to the extent of the special assessment, and therefore that Frank M. and Sidney M. Cook were indebted in solido to him for the amount of the paving certificates, no matter whether his lien or the Cooks’ mortgage came first in rank. Dr. Lemoine called the city of Shreveport in warranty, and prayed that, if his lien should be canceled, he should have judgment against the city for the amount of the paving certificates. The city pleaded that Dr. Lemoine had no cause of action against the city as warrantor; and, the plea being overruled, the city denied liability as warrantor, but set up the same pleas and defenses that Dr. Lemoine had set up against the suit of Frank M. and Sidney M. Cook. The district judge gave judgment for the plaintiffs, ordering the paving certificates and the municipal ordinance canceled from the mortgage records, in so far as the certificates and the ordinance purported to create a lien upon Murray’s property; and the judge gave judgment in favor of Dr. Lemoine and against the city of Shreveport, as warrantor, for the amount of the paving certificates, with interest, attorney’s fees, and costs. Dr. Lemoine appealed from the judgment rendered against him, and the city of Shreveport appealed from the judgment against the city. The Court of Appeal annulled the judgment that was rendered against Dr. Lemoine, but the court reinstated the mortgage of Frank M. and Sidney M. Cook, and decreed that the paving lien was subordinate in rank to the mortgage held by Frank M.'and Sidney M. Cook, as well as to the tax lien, to which they were subrogated. And the Court of Appeal rendered a judgment of nonsuit on Dr. Lemoine’s demand upon the city of Shreveport as warrantor. The case is here on a writ of review issued at the instance of Dr. Lemoine.
 

 
 *1019
 
 Our principal reason for issuing the writ of review in this case was that the case seemed similar to that of Dixie Investment Co. v. Samuel Player (La. Sup.) 152 So. 688,
 
 [1]
 
 in so far as the call in warranty was concerned, and that the question of the effect of the failure of the city to record the acceptance of the paving and the levy of the assessment within ten days after the acceptance and levy was not considered settled when this case and the Dixie Investment Company’s Case were decided by the Court of Appeal. The question is well settled now, however. If the municipal ordinance accepting a paving job and levying an assessment for the cost against the abutting property is recorded within ten days after the ordinance is adopted, as required by section 4 of Act No. 187 of 1920, it creates a lien against the property in favor of the city or the holders of the paving certificates, superior to any and all mortgages or other claims already recorded against the property, except tax liens. But, if the municipal ordinance accepting the work and levying the assessment is not recorded until ten days from the- enactment of the ordinance have elapsed, the effect is to create a lien only from the date of the recording, or a lien superior in rank only to mortgages or liens subsequently recorded. In other words, the effect of a failure of the city to record the ordinance within the ten days prescribed by the statute is not that the lien shall be lost, but that it shall not take rank, when it is recorded, over mortgages or liens previously recorded. See City of Shreveport v. Urban Land Co., 177.La. 357, 148 So. 256; Conservative Homestead Association v. Pasquale Guglielmo et al., 178 La. 471, 151 So. 899, decided November 27, 1933. The judgment rendered by the Court of Appeal in this case, on the issues tendered by and between the plaintiffs and Dr.. Lemoine, is therefore correct.
 

 Prank M. and Sidney M. Cook were entitled to have their mortgage on Murray’s lot and the tax lien which they had been subrogated to reinstated when the court annulled the transfer which -Murray had made to Prank M. and Sidney M. Cook, of the mortgaged lot, in payment of the debt secured by the mortgage and the debt secured by the tax lien. As the court said in John Chaffe & Bro. v. Morgan, 30 La. Ann. 1307: “The setting aside, for any cause, of the sale of an immovable made by a debtor to his creditor who had a mortgage on the immovable, will not impair any legal rights on the property which the creditor had in virtue of his mortgage.” To the same effect were the rulings in Millaudon v. Allard, 2 La. 547; Judice v. Kerr, 8 La. Ann. 462; New Orleans Insurance Association v. Labranche, 31 La. Ann. 841; Spencer v. Goodman & Bradfield, 33 La. Ann. 898; Dawson v. Thorpe, 39 La. Ann. 366, 1 So. 686; Hobgood & Foster v. Schuler, 44 La. Ann. 537, 10 So. 812; Gates v. Gaither, 46 La. Ann. 289, 15 So. 50; St. Charles Street R. Co. v. Fairex, 46 La. Ann. 1030, 15 So. 421; Moore v. Boagni, 111 La. 494, 35 So. 716; Harrison v. Ottman, 111 La. 740, 85 So. 844; Pugh v. Sample, 123 La. 791, 49 So. 526, 528, 39 L. R. A. (N. S.) 834; W. K. Henderson Iron Works & Supply Co. v. Jeffries, 159 La. 620, 105 So. 792; Fox v. Succession of Broussard, 161 La. 949, 109 So. 773; Third District Build
 
 *1021
 
 ing Association v. Forschler, 174 La. 828, 141 So. 849.
 

 We have come to the conclusion also that the judgment of nonsuit on Dr. Lemoine’s demand in warranty against the City of Shreveport is correct. Dr. Lemoine’s attorney relies upon section 84 of the Negotiable Instruments Law, Act No. 64 of 1904, p. 160; which section provides: “Subject to the provisions of this act, when the instrument is dishonored by non-payment, an immediate right of recourse to all parties secondarily liable thereon accrues to the holder.” But that must be read in connection with sections 38 and 65 of the act, because the city of Shreveport, in selling the promissory notes and paving certificates to Dr. Lemoine, indorsed them “without recourse.” Section 38 of the statute declares that, although a qualified indorsement, as “without recourse,” does not impair the negotiable character of the instrument, it makes the indorser a mere assignor of the title to the instrument. And section 65 declares that one who negotiates an instrument by delivery or by a qualified indorsement merely warrants (1) that the instrument is genuine and in all respects what it purports to be; (2) that he has a good title to it; (3) that all prior parties had capacity to contract; and (4) that he has no knowledge of any fact which would impair the validity of the instrument or render it valueless. Section 66, on the other hand, declares that one whoi indorses an instrument without qualification engages that, on due presentment, the instrument shall be accepted or paid, or both, as the case may be, and that, if the instrument be dishonored, he will pay the amount thereof to the holder, or to any subsequent indorser who may be compelled to pay it. Hence the city of Shreveport, by indorsing these notes and paving certificates “without recourse,” and transferring them to Dr. Lemoine with that qualified indorsement, did not engage to pay the amount thereof in the event of the failure"Of the maker of the notes to pay them at maturity, but, being “a mere assignor of the title to the instruments,” the city merely warranted (1) that they were genuine and in all respects what they purported to be; (2) that the city had a good title to the instruments; (3) that the maker, John E. Murray, had capacity to contract; and (4) that the city had no knowledge' of any fact which would impair the validity of the instruments or render them valueless. The only complaint in that respect, on the part of the holder of the notes and certificates, in this instance, is that the certificates were not what they purported to be, in that they were not secured by a first lien on the property assessed. If Dr. Lemoine loses anything by the breach of the city’s warranty that the paving certificates were ’secured by a first lien on the property, the city may have to pay Dr. Lemoine his loss; but the city is not liable as an unqualified indorser, or liable for the amount of the certificates, unless that shall be Dr. Lemoine’s loss from the breach of the city’s warranty. It must be borne in mind that the notes attached to these paving certificates represent the personal obligation of the maker, and not merely an obligation in rem. The instruments are of the same form and tenor as were those which were held to represent the personal obligations of the maker, in City Savings Bank & Trust Co. v. Wilkinson, 165 La. 385, 115
 
 *1023
 
 So. 629, and in Guaranty Mortgage & Securities Co. v. Millsaps, 178 La. 255, 151 So. 197. Hence it cannot be determined what Dr. Lemoine’s loss will be, or whether he will sustain a loss, for want of a first lien on the assessed property, until the property is sold; and then, if the prpceeds -of the sale be not enough to pay both the amount due to Frank M. and Sidney M. Cook and the amount due to Dr. Lemoine, the doctor will have to proceed against John E. Murray, as maker of the notes, to determine whether a loss has resulted from the breach of the city’s warranty. Templeman v. Hamilton & Co., 37 La. Ann. 754.
 

 The judgment of the Court of Appeal is affirmed.
 

 [1]
 

 178 La. 1010.