O’NIELL, Chief Justice.
 

 The Dixie Investment Company brought this suit against Samuel Player on four promissory notes, signed by Player, amounting to $242.35, and secured by a paving lien on Player’s lot in Shreveport. Four paving certificates, for the $i242.35, issued under the provisions of Act No. 187 of 1920, as amended by Act No. 115 of 1922, were attached to the notes as collateral security, and were transferred with the notes by the city of Shreveport to the Dixie Investment Company in due course, for a valuable consideration, before maturity, but “without recourse.”
 

 Player allowed judgment to go against him by default for the amount of the notes, with interest and attorney’s fees, as stipulated in the notes, and with recognition of the paving lien on the property. Accordingly, the property was seized under a writ of fi. fa. and advertised for sale to satisfy the judgment.
 

 Felix Weiller, having a note secured by a mortgage for $2,700 on Player’s lot, filed a petition of intervention or third opposition, claiming that his mortgage was superior in rank to the paving lien of the Dixie Investment Company; and Weiller obtained an order of court directing the sheriff to retain the proceeds of the sale to be made by him, until the further orders of the court. The sale was made for $495; that being the last and highest bid. The Dixie Investment Company, answering Weiller’s petition, claimed that the tax lien was superior in rank to Weiller’s mortgage, tout called the city of Shreveport in warranty, praying that, if judgment should go in favor of Weiller, the city should be condemned to pay the Dixie Investment Company the amount of the paving certificates, with interest, attorney’s fees, and costs. The city, answering the demand in warranty, also urged that the paving lien was superior in rank to Weiller’s mortgage, but denied liability as a warrantor in any event.
 

 The district judge gave judgment in favor of Weiller and against Player for the balance due on Weiller’s mortgage note, $819.35, with the interest and attorney’s fees, but subject to certain credits, and gave judgment against the Dixie Investment Company, declaring Weiller’s mortgage to be superior in rank to
 
 *1013
 
 the paving lien on the property and declaring Weiller therefore entitled to the proceeds of the sale which the sheriff had made. At the same time the judge gave judgment in favor of the Dixie Investment Company and against the city of Shreveport as warrantor for the amount of the notes or paving certificates sued on, with the interest and attorney’s fees stipulated in the notes. The Dixie Investment Company and the city of Shreveport appealed; and the Court of Appeal affirmed the judgment in favor of Weiller and against the Dixie Investment Company, but set aside the judgment on the Dixie Investment Company’s demand against the city of Shreveport as warrantor, and dismissed the demand as of nonsuit. The case is before us on a writ of review issued at the instance of the Dixie Investment Company.
 

 Inasmuch as Weiller’s mortgage was recorded before the municipal ordinance accepting the paving and levying the assessment on Player’s lot was recorded, and inasmuch as the ordinance was not recorded until after ten days — in fact, thirteen days— after the date of the ordinance, the judgment appealed from is correct in so far as it declares Weiller’s mortgage superior in rank to the Dixie Investment Company’s paving lien. See Cook v. Dr. Lemoine (La. Sup.) 152 So. 689,
 
 [1]
 
 decided to-day. With regard to the demand of the Dixie Investment Company against the city of Shreveport as warrantor, this case is like that of Cook v. Dr. Lemoine in all respects except that in this case it has been determined, by the sale of the property, that the paving lien is worthless. But, for the reasons giyen in Cook v. Dr. Lemoine, it will be necessary for the Dixie Investment Company to have recourse against Samuel Player personally, as maker of the notes sued on, in order to determine whether the Dixie Investment Company has sustained a loss by reason of the breach of the warranty of the city of Shreveport that the notes or paving certificates were secured by a first lien on Player’s lot. That is, of course, because the city’s liability is only that of a qualified indorser of the notes and paving certificates sued on.
 

 The judgment of the Court of Appeal is affirmed.
 

 [1]
 

 178 La. 1014.