The Parkside Realty Company, Inc., granted a mortgage to plaintiff by authentic act on September 12, 1928, and which was recorded in the mortgage office in the parish of Orleans on September 13, 1928, to secure the repayment of a loan of $100,000.
The city of New Orleans had contracted for the paving in front of the mortgaged property on September 22, 1925, in accordance with Act No. 105 of 1921, Ex. Sess., as amended by Act No. 191 of 1924, and the paving had been completed many months before the mortgage was executed, but the statements of assessments had not been recorded in the mortgage office.
At the time the mortgage was executed on this property, September 12, 1928, the public records showed that it was free from all paving liens in favor of the city of New Orleans.
The statements of assessments were issued by the city engineer to the commissioner of public property, under date of October 5, 1928, but that officer did not certify these statements to the commissioner of public finance until March 14, 1929, and, on that day, these statements were recorded in the mortgage office in the book entitled "Paving Book."
Alleging the above state of facts, and also the fact that, under foreclosure proceedings, plaintiff had purchased the property for much less than his claim, plaintiff filed a rule on the city of New Orleans, recorder of mortgages, *Page 775 
for the parish of Orleans, and the civil sheriff for that parish, to show cause why the statements of assessments and paving liens on the property should not be canceled and erased, in so far as they affected his property, alleging that same had not been recorded within the time prescribed by Act No. 105 of 1921, and, therefore, did not prime mover's mortgage on the property.
The city of New Orleans excepted to plaintiff's rule on the ground that same failed to disclose a cause or right of action.
From a judgment maintaining this exception and dismissing the rule, plaintiff has taken the present appeal.
Section 48 of Act No. 105 of 1921, Ex. Sess., pp. 225 and 226, provides that "the Commissioner of Public Property shall, withinten days after the issuance of said statement of assessments furnish the Commissioner of Public Finance copies thereof," etc.; and that "the Commissioner of Public Finance shall, within tendays after he has received said copies from the Commissioner of Public Property, furnish a copy of such statement of assessments to the Recorder of Mortgages for the Parish of Orleans, and the said Recorder shall immediately file the statement of assessments delivered to him, and shall retain and keep the same among the record books of his office, and it shall be and constitute a part of the records of the same," etc. (Italics ours.)
It is further provided in section 48 of the act, page 226, that: "From the date that the said statement of assessments is filed in said mortgage office it shall act as a first lien andprivilege on each specific real property thereon *Page 776 
assessed, and said lien and privilege shall be superior tovendor's lien and any other privileges or mortgages, and shall remain in force for the amount due, in principal and interest, including costs of court, if any, for collecting, until final payment has been made." (Italics ours.)
It is also provided in article 19, § 19, of the present Constitution of the state, that: "No mortgage or privilege on immovable property, or debt for which preference may be granted by law, shall affect third persons unless recorded or registered in the parish where the property is situated, in the manner andwithin the time prescribed by law. * * *" (Italics ours.)
It is evident that the paving liens of the city of New Orleans in this case cannot be permitted to prime the prior recorded mortgage of plaintiff, as these paving liens were not recorded within the time prescribed by Act No. 105 of 1921, since the commissioner of public property did not furnish the commissioner of public finance with copies of the statements of assessmentswithin ten days after he had received them, but kept these statements in his possession from October 5, 1928, when they were issued to him by the city engineer, until March 14, 1929, before copies of the same were placed by the commissioner of public property in the hands of the commissioner of public finance, who recorded them on the same day. Conservative Homestead Association v. Guglielmo, 178 La. 471, 151 So. 899; Dixie Inv. Co., Inc., v. Player, 178 La. 1010, 152 So. 688; Cook v. Lemoine, 178 La. 1014, 1019, 152 So. 689; City of Shreveport v. Urban Land Co.,177 La. 357, 148 So. 256. *Page 777 
As announced in Cook v. Lemoine, above cited, after a review of all of the cases on the subject, this question is well settled now.
It is therefore ordered that the judgment appealed from be annulled and reversed.
It is now ordered that this case be remanded to the court below, to be proceeded with in due course, and in accordance with the views herein expressed.