**LEMOINE v. WHELESS INV. CO., Limited, et al. ***

**No. 4994.**

Court of Appeal of Louisiana.
Second Circuit.
March 8, 1935.

---

*Rehearing denied April 3, 1935.

L. Percy Garrot, of Shreveport, for appellant.

C. D. Egan, A. M. Pyburn, and Jos. H. Jackson, all of Shreveport, for appellee City of Shreveport.

DREW, Judge.

Dr. A. Lemoine instituted this suit against the Wheless Investment Company, Limited, for the face value of paving lien notes signed by C. E. White and Mrs. C. E. White, and alleged to be secured by paving lien on lot 74 of the Municipal Park Subdivision of the City of Shreveport. Plaintiff further asks that these paving certificates be reformed and corrected to show the correct number of the lot.

The Wheless Investment Company, Limited, answered denying the allegations of plaintiff's petition and, by way of reconvention, set up that the ordinance accepting the paving involved in this litigation and the as-sessment were recorded in the Mortgage Records of Caddo parish more than ten days after its passage, and therefore, under the provisions of Act No. 168 of 1926, no lien attached, and that the notes sued on are not secured by a paving lien. It further asks that the clerk of court of Caddo parish be made a party and be ordered to cancel the paving lien sued on.

Dr. Lemoine appeared and answered the reconventional demand of the Wheless Investment Company, Limited, denying the allegations thereof. In this answer Dr. Lemoine alleged that the Wheless Investment Company, Limited, knew that the paving was going to be done and that the notes would be signed by C. E. White, who had obligated himself to purchase the property, and that as a result of the paving, the lot was greatly enhanced in value. He further alleged that the city of Shreveport was liable to him upon the implied warranty of the city that the paving lien notes were valid at the time he acquired them.

Based upon these allegations, Dr. Lemoine called the city in warranty praying that it be held, liable for any amount for which he (plaintiff) might be cast in the suit. The city filed an exception of no cause or right of action to the call in warranty, which was over-ruled.

The case was submitted to the court below upon an agreed statement of facts, which statement is as follows:

"1. That the Wheless Investment Company, Ltd., is the owner of Lot 74 of the Municipal Park Subdivision of Shreveport (formerly Cedar Grove), Caddo Parish, Louisiana, together with all the buildings and improvements thereon; and that said property was owned by the Wheless Investment Company, Ltd., before the paving in this case was laid and constructed, and before the ordinance accepting said paving was passed and enacted by the City of Shreveport, Louisiana.

"2. That Dr. A. Lemoine is the holder and owner of the paving certificate described in his petition, amounting to $487.38, interest, and attorney's fees; that said certificate has not been paid; and that judgment has been obtained by him against the City of Shreveport for two-thirds of said certificate.

"3. That the assessment in this case was made against C. E. White and Mrs. C. E. White, and against Lots 72, 73 and 74 of the above mentioned Subdivision; that the ordinance accepting the paving shows this to be

true; that the above mentioned paving certificate states that the assessment is against Lot 69 of said Subdivision and that this is the result of an error.

"4. That the suit entitled Wheless Investment Company, Ltd., v. W. M. Levy, Clerk et als, and numbered 57,783 on the docket of the First Judicial District Court of Louisiana, shall be considered as being part of the record in this case.

"5. That the ordinance accepting the paving in this case was enacted on October 17, 1927, and was recorded on October 26, 1927.

"6. That the Wheless Investment Company, Ltd., owned more than 40 per cent of the property abutting the paving in this case; and that it signed a petition asking for said paving.

"7. That the said paving enhanced the value of Lot 74; and that said enhancement fully amounts to the claim of plaintiff.

"8. That the Wheless Investment Company, Ltd., on or about November 2, 1927, paid liens (real or purported) on approximately 10 pieces of property, owned by it, and covered by the ordinance accepting the paving in this case, the sums paid amounting to $3655.30.

"9. That the paving in this case was done upon the petition of the required property owners.

"10. That the Wheless Investment Company, Ltd., through its officers and directors, knew that the paving in question was being laid or constructed during the period between June and October 1927, but that the Wheless Investment Company, Ltd., objects to the materiality of this admission, and reserves the right to enter an objection on the trial of this case.

"11. That it is understood and agreed by and between all the parties hereto that Dr. A. Lemoine purchased the notes and certificate in this cause from the City of Shreveport, Louisiana; that he acquired them for value, in due course, before maturity, and in good faith; that when they were sold to him they were properly endorsed by the City of Shreveport, Louisiana, 'without recourse'; and that the amount of said notes and certificate is set forth in Dr. Lemoine's petition, answer to the reconventional demand of the Wheless Investment Company, Ltd., and call in warranty.

"12. It is understood and agreed that the position of counsel for the Wheless Investment Company, Ltd., is not to be prejudiced by making the above admission of facts, and that he reserves his rights to rely upon the non-recordation of anything affecting said Lot within the period prescribed by the statute, as he contends, the intention of this instrument being to agree upon the facts and not upon the legal results flowing from these facts.

"13. The right to offer such additional evidence as they may deem fit is reserved to all parties."

And upon the further admission that the following affidavits would be considered as evidence:

"State of Louisiana, Parish of Caddo

"Before me, the undersigned Notary Public, personally came and appeared Dr. A. Lemoine, who, being by me first duly sworn, deposes and states: that he paid full value for the paving notes and certificates described in the suit entitled A. Lemoine v. Wheless Investment Company, Ltd., et al, and numbered 61010 on the docket of the First Judicial District Court of Louisiana, which certificates are attached to the petition in said suit; that the sum paid by him for said certificates amounted to the face value of said certificates and notes; and that the said notes and certificates were not purchased by him from the City of Shreveport at a discount.

"Dr. A. Lemoine

"Sworn to and subscribed before me on this the 19th day of May, 1934.

"L. Percy Garrot
"Notary Public."

"State of Louisiana, Parish of Caddo

"Before me, the undersigned Notary Public, personally came and appeared J. E. Brumfield, who, being by me first duly sworn, deposes and states: that he represented the City of Shreveport in the sale of the paving notes and certificates described in the suit entitled A. Lemoine v. Wheless Investment Company, Ltd., et al, and numbered 61010 on the docket of the First Judicial District Court of Louisiana, which sale was made to Dr. A. Lemoine; that Dr. Lemoine paid full value for the said paving notes and certificates; that the sum paid by him for said paving notes and certificates amounted to the face value of said paving notes and certificates; and that said paving notes and certificates were not purchased by him from the City of Shreveport at a discount.

"J. E. Brumfield

"Sworn to and subscribed before me on this the 19th day of May, 1934.

"L. Percy Garrot
"Notary Public."

Judgment was rendered below rejecting the demands of Dr. Lemoine as against the Wheless Investment Company, Limited, and dismissing the call in warranty against the city of Shreveport as of nonsuit. It also ordered that the paving lien appearing of record in Mortgage Book 160, page 488, of the Records of Caddo Parish, La., be declared null and void and of no effect.

From this judgment plaintiff has perfected an appeal, and the city of Shreveport has answered the appeal praying that the exception of no cause of action be sustained and that the demands against the city be rejected.

■ Under the authority of the decisions in the cases of Dixie Investment Company v. Player, 178 La. 1010, 1011, 152 So. 688, and Cook v. Lemoine, 178 La. 1014, 152 So. 689, it is necessary that plaintiff first exhaust his remedy against the property on which his lien rests and against the maker of the notes, before he has recourse against the city. He does not allege that he has done either, and the exception of no cause of action filed by the city to the call in warranty by plaintiff should have been sustained and the case, as to the city, dismissed. That part of the judgment ordering the cancellation of the paving lien against lot 74 of Municipal Park Subdivision of Shreveport (Cedar Grove), as recorded in Mortgage Book 160, page 488, of the records of Caddo Parish, La., is erroneous.

In the agreed statement of facts, it is admitted that the paving was done by the city of Shreveport and at that time lot 74 was owned by the Wheless Investment Company, Limited; that the proper assessment was made by the city against this lot; and that same was recorded, but was recorded more than ten days after the ordinance accepting the paving and making the assessment was enacted. It was due undoubtedly to the late recordation of the ordinance accepting the paving and making the assessment that the mortgage created by its recordation was ordered canceled, and the decision of the lower court was no doubt based upon the case of State ex rel. Wheless Investment Company, Limited, v. City of Shreveport (La. App.) 142 So. 641, which has been overruled by the cases of City of Shreveport v. Urban Land Company, 177 La. 357, 148 So. 256; and Dixie Investment Company v. Player and Cook v. Lemoine, cited supra.

■■ The only effect the late recordation had on the lien was to make it prime only those liens filed thereafter. It nevertheless became a lien and privilege against the abutting property from the date of its recordation. The fact that the assessment was made in the name of one not then the owner of the property does not invalidate the lien as against the assessed abutting property. Assessment is not against an individual, but is against the property abutting and the owner or owners.

In Marston v. Patterson, 6 La. App. 274, the court quoted from Rosetta Gravel-Paving & Imp. Company v. Jollisaint, 51 La. Ann. 804, 25 So. 477, as follows:

"The lien and right of pledge resulting from a local assessment for street paving attaches to property of the abutting proprietor, without reference to the person in whom title is actually vested; and proceeding taken against same for the enforcement of such lien and pledge is one in rem, notwithstanding the title holder be cited for the purpose of carrying same into effect."

It also cited the Barber Asphalt Paving Company v. Watt, 51 La. Ann. 1345, 1346, 26 So. 70, case.

In the Marston v. Patterson Case, the maker of the note sued on and the then owner of the property set up the following defense:

"Patterson, the maker of the notes, defends the suit on the ground that the certificates and notes are not valid for the reason he was not the record owner of the property at the time the paving was accepted and the certificates and notes issued; and Roby, while admitting that he is the present owner of the property, defends on the same ground and, in addition, sets up that his property is not subject to the lien because the assessment was made against the property in the name of Patterson as the owner."

The court, in answer to said defense, said:

"Such assessments are not made against individuals but against the property and the owners thereof. It does not matter, therefore, in whose name the assessment is made. The abutting property and the owners thereof are bound for the debt and the lien and privilege follows the property into whatever hands it may pass if the ordinance accepting the paving, fixing the amounts due on the properties and assessing the lien is filed and recorded in the mortgage records of the parish in ten days, as was done in this case.

"At the time the assessment in this case was made Roby was the owner of the property, but the assessment was made in the name of Patterson who, as owner, petitioned for the pavement. It is of no moment who was named as the owner of the property in

the ordinance levying the assessment as the assessment was against the property and the owner thereof, whoever the owner may have been at the time the assessment was made."

The judgment rejecting the demands for personal judgment against the Wheless Investment Company, Limited, is correct. However, plaintiff is entitled to a judgment in rem against lot 74 of the said subdivision for the amount of the paving certificates it holds against it, together with interest and attorney's fees. He is further entitled to have said paving certificates reformed so as to show the proper numbered lot, as per the assessment. He is entitled to have the property sold for cash for a sufficient amount to pay the matured certificates and on corresponding credits for the unmatured amounts. Code of Practice, art. 686; City Savings Bank & Trust Company v. Wilkinson, 165 La. 385, 115 So. 629.

It therefore follows that the judgment of the lower court will have to be reformed and recast.

It is ordered, adjudged, and decreed that the demands of plaintiff for personal judgment against Wheless Investment Company, Limited, are rejected; that the exception of no cause of action filed by the city of Shreveport to the call in warranty by plaintiff is sustained, and the suit dismissed as to the city of Shreveport.

It is further ordered and decreed that plaintiff have judgment reforming the paving certificates held by him to make them read that the assessment is against lots 72, 73, and 74 of the Municipal Park Subdivision of Shreveport (Cedar Grove), instead of reading that the assessment is against lot 69 of said subdivision.

It is further ordered and decreed that plaintiff's lien and privilege, by virtue of being the holder and owner of the paving certificates representing the assessment and ordinance recorded in Mortgage Book 160, page 488, of the records of Caddo Parish, La., be recognized and enforced against lot 74 of Municipal Park Subdivision of the City of Shreveport (Cedar Grove), and that said lot be sold for cash in an amount sufficient to pay the certificates due at date of sale, and interest thereon, as fixed in said certificates; and for 10 per centum upon both principal and interest on the amount of matured certificates, as attorney's fees, and on corresponding credits for an amount sufficient to cover the unmatured certificates. Costs to be paid out of the proceeds of the sale.