BRUNOT, Justice.
 

 This is an appeal, by the plaintiff, from a judgment dismissing its rule upon the city of New Orleans, William P. Hickey, recorder of mortgages for the parish of Orleans, and Maurice J. Hartson, civil sheriff of said parish, to show cause why two statements of assessment, which are attached to and made parts of plaintiff’s rule, and a certain described paving ordinance, of record in the office of the recorder of mortgages for the parish of Orleans, should not be decreed null and void, in so far as the property involved in this suit is concerned, and why the said inscriptions should not be canceled and erased from the mortgage records.
 

 The evidence, in the record, consists of a few necessary documents and the following agreed statement of facts:
 

 “1. That the Conservative Homestead Association is the holder and owner of the promissory note in the sum of $1,500.00, secured by mortgage on the property described in the rule, identified with an act of sale and vendor’s lien passed before Andrew M. Buchmann, Notary Public, on December 12th, 1927, and recorded in the Mortgage Office for the Parish of Orleans in Book No. 1377, folio 226 on December 13th, 1927, said sale being by the Conservative Homestead Association to Wilbur W. Ullrich.
 

 “2.'That the Conservative Homestead Association acquired said property from Mrs. Sidney J. Thibodeaux on December 12th, 1927, by act before Andrew M. Buchmann, Notary Public, and that there are attached to the said act before Andrew M. Buchmann, late Notary Public, clear mortgage and conveyance certificates in the name of the said Mrs. Sidney J. Thibodeaux, dated December 14th, 1927, and paving ordinance certificate dated December 14th, 1927, showing the recordation of the said Ordinance No. 9168 for paving on Franklin Avenue from Florida to Bay Street, recorded in Mortgage Book No. 1365, folio 171 on May 27th, 1927.
 

 “(Paving ordinance is incorrectly reported on paving certificate [Tr. 38] as No. 9555. Correct ordinance is No. 9168 as appears from M. O. B. 1365 f. 171.)
 

 “3. That the property described in the rule was foreclosed upon by said Association and was adjudicated, at public auction by the Civil Sheriff for the Parish of Orleans, to said Association on January 26th, 1933, for $500.00.
 

 “4. That the mortgage certificate obtained by the Civil Sheriff in the name of Wilbur W. Ullrich, dated January 26th, 1933,
 
 *809
 
 shows the recordation of two statements of assessment; one in the sum of $2,073.95 and the other in the.sum of $262.48, fully described in the rule; that the said statements of assessment are made out in the name of the Whitney Central Trust & Savings Bank, as owner, and are dated September 22nd, 1928, and were recorded and filed by the Commissioner of Public Finance in the Mortgage Office for the Parish of Orleans on November 20th, 1928; that said statements of assessment also contain the following clause appearing at the bottom thereof, indicating that Wilbur W. Ullrich is the present owner, to-wit: ‘Conveyance Office* records show Wilbur W. Ullrich as present owner.’,
 

 “That the Recorder of Mortgages for the Parish of Orleans in running a certificate in the name of Wilbur W. Ullrich would report the said statement of assessment in the name of Wilbur W. Ullrich, even though the name of the Whitney Central Trust & Savings Bank appears at the top of the statement as the owner of the property, and Wilbur W. Ullrich’s name appears at the bottom of the statement as present owner.
 

 “5. That the Whitney Central Trust & Savings Bank has not owned the property described in the rule since February 7th, 1927, when it sold said property to Fred Juelke, by act before W. K. Leverich, Notary Public, registered in C. O. B. 422, folio 485.
 

 “6. That the assessment rolls for the Parish of Orleans for the year 1928 show the property in question described in the rule, to be assessed in the name of W. W. Ullrich. ,
 

 “7. That Franklin Avenue (both sides) from Florida Avenue to Bay Street was paved in connection with the second letting of 1926 paving program, in accordance with Ordinance No. 9168 C. C. S. The semi-final estimate for the subsurface drainage work was issued by the City Engineer’s Office on October 19th, 1927, and a final estimate for the work issued on February 15th, 1929. The reason for the delay in the completion of the work is stated in Ordinance No. 11221 C. C. S., á copy of which is attached hereto. The final estimate for the paving contract was issued on December 10, 1927, and the bills dated September 27, 1928, were mailed out on that date. That the paving of Franklin Avenue from Florida Avenue to Bay Street was ordered by the Commission Council on its own motion.
 

 “8. That the paving, sub-surface drains, etc., were laid in front of the property in question on December 12th, 1927, the date on which the Conservative Homestead Association obtained its mortgage and vendor’s lien.
 

 “9. That the final promulgation of Ordinance No. 9168 C. C. S. was on June 15, 1926, in the New Orleans Item.”
 

 The appellant purchased the property described in its rule, in good faith and on the face of a clear public j-ecord, from Mrs. Sidney J. Thibodeaux, on December 12, 1927, and, on .the same day, it sold thé
 
 *811
 
 property to Wilbur Ullrich, and retained thereon its vendor’s lien and mortgage for the sum of $1,500.
 

 The serious question in this case is whether or not an innocent holder of a vendor’s lien and privilege upon property can be affected by a subsequent and untimely recordation of a paving lien. From the brief filed on behalf of the city we quote the following:
 

 “We can readily understand and appreciate that a person acquiring a conventional mortgage or other lien on property can and should look only to the records in the Mortgage and Conveyance Offices. And if there is a paving charge due by said property, and same is not recorded in the manner and time prescribed by law at the time when such person acquires such mortgage or lien tjiereon, the subsequently recorded paving charge should not affect or prejudice the previously acquired rights of the innocent third person.”
 

 Section 19 of article 19 of the Constitution of 1921 fixes the priority of liens. The pertinent part of the section reads:
 

 “No mortgage or privilege on immovable property, or debt for which preference may be granted by law, shall affect third persons unless recorded or registered in the parish where the property is situated, in the manner and within the time prescribed by law.”
 

 Section 48 of Act No. 105 of 1921 (Ex. Sess.) p. 225, fixes a definite time limit within which the respective duties imposed upon the commissioner of public property and the commissioner of public finance must be performed by them as a condition precedent to giving the city’s paving liens priority over previously recorded mortgages or liens on immovable property. In this case the statements of assessment were issued on September 22, 1928, but the recorder of mortgages was not furnished with copies of them until November 20, 1928. In the case of Alcus v. Parkside Realty Co., Inc., 181 La. 773,
 
 160
 
 So. 409, 410, this court held as follows:
 

 “It is evident that the paving liens of the city of New Orleans in this case cannot be permitted to prime the prior recorded mortgage of plaintiff, as these paving liens were not recorded within the time prescribed by Act No. 105 of 1921 [Ex. Sess.], since the commissioner of public property did not furnish the commissioner of public finance with copies of the statements of assessments within ten days after he had received them.”
 

 In support of the court’s finding, Justice Land, the author of the opinion, cites the following cases: Conservative Homestead Association v. Guglielmo, 178 La. 471, 151 So. 899; Dixie Inv. Co., Inc., v. Player, 178 La. 1010, 152 So. 688; Cook v. Lemoine, 178 La. 1014, 152 So. 689; City of Shreveport v. Urban Land Co., 177 La. 357, 148 So. 256.
 

 Counsel for appellee argue that in the Alcus-Parkside Realty Co. Case the court reached an erroneous conclusion, but, if that decision is adhered to, they, in effect,
 
 *813
 
 admit that it is decisive of this case. They also argue that, if the decisions in the Alcus-Parkside Realty Co. and Shreveport-Urban Land Co. Cases are both adhered to, the property owner will be deprived of a right that is secured to a mortgagee. There is no merit in this contention, for the reason that the paving lien takes rank from the date of its recordation if it is not recorded timely.
 

 For the reasons stated, the judgment appealed from is avoided and reversed, and it is now decreed that there be judgment in favor of the plaintiff, appellant, and against the city of New Orleans, William P. Hickey, recorder of mortgages for the parish of Orleans, and Maurice J. Hart-son, civil sheriff for the parish of Orleans, ordering the paving liens and ordinance described in the rule filed by the plaintiff in the civil district court canceled and erased from the mortgage records of the parish of Orleans in so far as they affect the property described in said rule.