**DIXIE INV. CO., Inc., v. CITY OF SHREVEPORT.**

**No. 5332.**

Court of Appeal of Louisiana. Second Circuit.

Oct. 30, 1936.

L. Percy Garrot, of Shreveport, for appellant.

J. H. Jackson and R. H. Switzer, both of Shreveport, for appellee.

DREW, Judge.

The present suit presents another instance of the failure of the city to properly record paving certificates. It is a suit against the city to recover on the alleged warranty of the city for having sold such paving certificates to the plaintiff, indorsed without recourse.

The defense is twofold:

(1) That the city did not sell the paving certificates to plaintiff, but transferred same to the Flenniken Construction Company, from whom plaintiff secured same, and that the warranty of the city ran only in favor of the original transferee; and (2) that plaintiff has not exhausted its remedies.

It is unnecessary to discuss the first defense urged, since we, as did the lower court, think the second defense sound.

Plaintiff instituted suit against the maker of the certificates and issued a fieri facias, but, by reason of certain pre-existing mortgages, there was no sale. Plaintiff issued another fieri facias, which was returned nulla bona. So, on the face of the record thus far made up, plaintiff has exhausted its remedies.

But the record further shows that Billie B. Jackson, at the time he purchased the property against which the paving lien was recorded, was married to Eliza Jackson. This is 1911. That Eliza Jackson died in 1914, and that the tutorship of her one minor child was opened in 1914, and a one-half interest in this particular property was inventoried as belonging to the child, who, in 1914, was ten years of age. An extract of inventory in the sum of $600 was recorded against Billie B. Jackson. On the face of the record, this minor child became of age some time in the year 1925, and any rights the minor had were prescribed in four years from that time. Anyhow, the legal mortgage did not rest against the minor's interest in the lot, but only against that of Billie B. Jackson.

The mortgage executed by Billie B. Jackson in 1929, for the sum of $2000, covered only a one half interest in the property, leaving the other half free of encumbrance. The other mortgage executed by Billie B. Jackson about the same time, in the sum of $250, covered the entire interest, but, as the mortgagor did not own the entire interest, it could not cover validly the interest owned by the child. So, as this record now appears, there was an undivided one-half interest in the property free and clear of any valid outstanding mortgage.

The paving certificates were issued against Billie B. Jackson and the property itself without any mention of the owner of the other half interest. This was a valid paving lien against the entire property. Marston v. Patterson, 6 La.App. 274.

So this plaintiff, to say the least, has a good paving lien against a one-half interest in the property which it has never sought to exercise.

The right of this plaintiff to recover against the city, if any it has, is based upon the damage it has suffered. Until it exercises its valid rights and thereby determines the extent of its damage, there is no way of fixing same. It makes no difference on which interest the security rests; it must exhaust that interest.

The reasoning and conclusion of the lower court is, in our opinion, correct, under the authority of Cook v. Lemoine, 178 La. 1014, 152 So. 689. It therefore follows that the judgment of the lower court is affirmed, with costs.

HAMITER, J., dissents.