484 So.2d 239 (1986)
I.E. MILLER OF EUNICE, INC., Plaintiff-Appellee,
v.
SOURCE PETROLEUM, INC., Defendant-Appellant.
No. 84-1115.
Court of Appeal of Louisiana, Third Circuit.
March 5, 1986.
Raymond A. Beyt, of Beyt & Beyt, Lafayette, for defendant-appellant.
Pucheu & Pucheu, Jacque B. Pucheu, Jr., Eunice, for plaintiff-appellee.
Before STOKER, YELVERTON and DOUCET, JJ.
STOKER, Judge.
We consider in this case questions arising under oil well lien statute, LSA-R.S. 9:4861, et seq.

HISTORY OF THE CASE
I.E. Miller of Eunice, Inc. (Miller) filed notice of a lien against the Jackson C. *240 Parker well. The notice was filed eight months after the services were rendered giving rise to the debt which is the subject of the lien. Miller sued Source Petroleum, Inc. (Source) to seek recognition of the lien. Source filed a peremptory exception of no cause of action on the basis that the lien sought to be recognized was not recorded within the time prescribed in LSA-R.S. 9:4862. The exception was overruled and the suit was tried on the issue of which charges could be the subject of a lien under LSA-R.S. 9:4861.
The trial court recognized the lien and allowed all the charges claimed. The defendant appealed and states that the issue on appeal is whether LSA-R.S. 9:4861, the statute which creates the lien, requires recordation of the lien within the limited time provided in LSA-R.S. 9:4862, or at least prior to eight months after the work was performed in order for the lien to be valid. In addition the defendant-appellant has filed for the first time, in this court of appeal, a peremptory exception of prescription, claiming liberative prescription because of failure to file the lien within the time provided in LSA-R.S. 9:4862. At the time the work was concluded and the lien was claimed, the period of time provided in LSA-R.S. 9:4862 was 90 days. The statute has since been amended to increase the time period to 180 days.

FACTS
Source Petroleum, Inc. (Source) hired Aamwell Workover Services, Inc. (Aamwell) to drill the Jackson C. Parker well. Aamwell hired I.E. Miller of Eunice, Inc. (Miller) to rig down and haul the rig to the new site where the well was ultimately drilled and production secured. Miller completed the job but Aamwell failed to pay for the service even though Aamwell had been paid by Source. Aamwell was suffering from financial difficulties, but before Aamwell filed for bankruptcy, Miller got a judgment against Aamwell for that job. Eight months after the work was done, Miller filed notice of a lien against the Parker well under LSA-R.S. 9:4861, et seq. The trial court recognized the lien. The issue on appeal is whether LSA-R.S. 9:4861 required recordation of the lien within the limited time provided in LSA-R.S. 9:4862, or at least prior to eight months after the work was performed in order for the lien to be valid.
There is little jurisprudence dealing with this issue which concerns the "oil well lien statute." In Continental Casualty Co. v. Associated Pipe & Supply, 310 F.Supp. 1207 (E.D.La.1969) at page 1218, the court addressed the issue as follows:
"This case has many difficult legal problems but none more troublesome than the question of whether recordation is necessary to preserve a lien under the Oil Well Act. The language of that act, particularly R.S. 9:4862, suggests that recordation per se is not necessary. It provides that `If a notice of such or privilege * * * is filed for record and inscribed * * * within ninety days * * *, the privileges are superior to any other privileges or mortgages against the property * * *.' ... Nothing in the statute suggests anything to the contrary. The Louisiana Constitution art. 19, sec. 19, provides that `Privileges on movable property shall exist without registration of same, except in such cases as may be prescribed by law.' The legislature could have specifically provided that registration was required as it did in the Private Works Act but it did not choose to do so. Consequently, since the statute does not so provide, recordation is not required."
(La. Constitution art. 19, Sec. 19 of the 1921 Constitution now appears in the Constitution Ancillaries. When the 1974 Constitution was passed this section was continued as a statute and not subsequently incorporated into the Revised Statutes or repealed. Article 14, Sec. 16, 1974 Constitution.)
The U.S. Fifth Circuit Court of Appeals affirmed this logical approach in Continental Casualty Co. v. Associated Pipe & Supply, 447 F.2d 1041 (CA 5 1971), stating at page 1054:

*241 "The district court was eminently correct, for the rule in Louisiana is that where a statute grants a priority to a lien recorded within a certain time, failure to record within that time forfeits the priority only. If filed later, it is given full effect from the date of recordation. Le Goaster v. Lafon Asylum, 1923, 155 La. 158, 99 So. 22; Robinson-Slagle Lumber Co. v. Rudy, 1924, 156 La. 174, 100 So. 296; City of Shreveport v. Urban Land Co., 1933, 177 La. 357, 148 So. 256; Conservative Homestead Assoc. v. Guglielmo, 1933, 178 La. 471, 151 So. 899; Alcus v. Parkside Realty Co., 1935, 181 La. 773, 160 So. 409; Conservative Homestead Assoc. v. Ullrich, 1935, 182 La. 806, 162 So. 628."
In Beacon Gasoline Co. v. Sun Oil Co., 455 F.Supp. 506 (W.D.La.1978), the court held that recordation within 90 days of completion of services is not necessary to preserve the privilege even against third persons. The court pointed out that LSA-R.S. 9:4861 details the property subject to the privilege, the parties by whom the privilege may be claimed, and the types of debts secured by the privilege. The court continued by explaining that LSA-R.S. 9:4862 provides a 90-day delay after completion of services for the filing of privileges. It was the court's opinion that Section 4862 recordation only affects ranking of the privilege, not the existence of the privilege. The court went beyond Continental Casualty Co. v. Associated Pipe & Supply Co., supra, when it held:
"[T]he conditional language of the statute persuades us that the Continental rule applies as well when third persons are involved."
The issue of whether a lien recorded after the period provided in Section 4862 is valid came before a Louisiana state court in Western Wireline v. Pecos Western Corp., 377 So.2d 892 (La.App. 4th Cir.1979). In that case, Western Wireline Services, Inc. (Western Wireline) sought the recognition of a lien under the Louisiana Oil Well Lien Act, LSA-R.S. 9:4861, for work done in connection with an oil well. Western Wireline did not claim its lien until about two years and three months after the work was completed. The court cited LSA-R.S. 9:2721-2724 dealing with the registry of instruments affecting immovables and noted that in the case before that court there had been no affirmative showing that anything other than immovables were involved, as there appeared to be no production flowing from the well.
In making its decision to deny the lien, the court considered the basic principle of strict construction of lien statutes, the concept that rights against immovables must be recorded, and the uncontested fact that the recordation took place over two years after the work had been completed. The court held that "although the language of the act does not make it clear that recordation must take place within the 90-day limit in order for the lien to exist at all, the above principles do, we believe, at the very least, mandate that liens cannot exist indefinitely without recordation. Perhaps most compelling, is the fact that the statute contains a clear provision requiring suit be filed within one year of recordation if the lien is to be enforceable. On that basis, we cannot, on the uncontraverted facts here existent, permit the lien to stand." Source urges that we follow Western Wireline and hold that eight months is likewise too long to allow an unrecorded lien to remain effective.
The Fourth Circuit of Appeal again, very recently, considered the validity of an oil well lien unrecorded within the time limit established by statute in C-Craft Marine Serv. v. Llog Exploration Co., 470 So.2d 241 (La.App. 4th Cir.1985), writ denied, 472 So.2d 921 (La.1985). The court held the lien's validity depended on recordation within the statutory time limit. The court reviewed Western Wireline v. Pecos Western Corp., supra, and leapt to the conclusion that the court's decision in Western Wireline to deny the lien could only be based on a belief that unless notice is filed within the time limit provided in LSA-R.S. 9:4862, the privilege is lost. The court stated:

*242 "Although the majority did not say this straight-forwardly, Western Wireline cannot stand for anything else. There is simply no other reason why that case held the privilege was lost."
We, as did the dissent, find the C-Craft court's reading of the Western Wireline case to be unpersuasive. The more logical reading of that decision is simply that the Western Wireline court felt that two years and three months is too long to wait to file a claim. The defendant would have us follow C-Craft Marine Serv. v. Llog Exploration Co., supra, but we decline to do so.
The reasoning as expressed by the U.S. District Courts and the U.S. Fifth Circuit is a more logical and reasonable interpretation of the statutes in question. We agree that failure to record forfeits the priority of the lien only and that if the privilege is filed later it should be given full effect from the date of recordation, losing only its superior rank.
The question before this court does not involve ranking, only the validity of the lien. It appears from appellee's brief that the well is producing and the claim is on the production, a different situation than that which appeared in Western Wireline v. Pecos Western Corp., supra, where there was no production.
It has been suggested that an interpretation of LSA-R.S. 9:4865 may contradict a finding of validity if unrecorded within the statutory time limit. LSA-R.S. 9:4865 provides that the privilege is lost unless suit is filed within one year from the date of recordation. We agree with the dissent in C-Craft Marine Serv. that although this statute appears to require recordation, this one-year period merely provides an outer limit for exercising the privilege. To be more precise, the longest period which could elapse before filing suit is one year plus the recordation period in the case where the claimant records his claim on the last day of the statutory time period provided in LSA-R.S. 9:4862. If the privilege is unrecorded, the claimant has one year from the last service performed to exert the privilege. This interpretation protects both the claimant and the owner and third parties against whom the claim is made.
In 1984 these statutes were amended and the legislature made no effort to change the language in them to indicate that the recordation is mandated, as in the Private Works Act. There was apparently no effort made to legislatively overrule the decision in the Federal courts.
I.E. Miller made its claim eight months after the work was completed and we hold, as did the trial court, that the lien is valid.
For the foregoing reasons, we deny the exception of prescription filed in this court and affirm the judgment of the lower court in favor of plaintiff-appellee. The costs of this appeal are assessed to defendant-appellant, Source Petroleum, Inc.
AFFIRMED.