No. 3653.—BYRON JOHNSON *v.* STEPHEN DUNCAN.

<div style="float:right">24 381<br>107 312</div>

A purchaser of mortgaged property at judicial sale is bound to retain in his hands the proportion of the price coming to a concurrent mortgage note, not embraced in the judgment under whi·h the sale is made, and to deliver such proportion to the holder of such note. As to the purchaser no reinscription of the mortgage is necessary, because he has by the purchase assumed the debt to the extent of the proportion of the purchase money, which he must retain. The plea of peremption will not therefore avail him in a suit by the holder of the note to compel him to pay, because, having assumed the debt, reinscription of the mortgage is unnecessary.

APPEAL from the Fourth District Court, parish of Orleans. *Théard,* J. *A. H., H. N.* and *W. F. Ogden,* for plaintiff and appellee. *William Grant,* for defendant and appellant.

HOWELL, J. The main facts in this case, essential to its proper decision, seem to be the following:

In 1867 the plaintiff was the owner and holder of a mortgage note for $2000, with some years arrears of interest, secured on a plantation in the parish of Concordia. This note was one of a concurrent series secured by the same act, and amounting in capital to the sum of $31,000.

On the second of March, 1867, the mortgaged property was sold under foreclosure at the suit of S. Duncan (the elder), the holder of those other notes, and purchased by S. Duncan (the younger), the defendant in this action, for the appraised price of $33,395 75, an amount somewhat less than the sum due on all the notes in principal and interest.

The defendant was bound to retain in his hands for the benefit of the plaintiff's note, the *pro rata* of the price coming thereto by law, and to pay the same with interest when demanded. 21 An. 499; 14 An. 149.

We do not think he was bound for any more than this, but judgment to this extent may be properly given under the pleadings and evidence; and this view renders it unnecessary to pass upon many technical points presented in the argument.

The principal defense urged is that of peremption. The defendant contends that the mortgage was first recorded in 1859, and was not reinscribed, and that the plaintiff, whose suit was not instituted till 1871, lost his rights against defendant by peremption. This, we think, an error. The obligation of defendant springs from his purchase, and the duty of retaining in his hands the proportion of price coming to a concurrent mortgage note not embraced in the judgment under which the sale was made, and to deliver such proportion to the holder of such note. An hypothecary action is provided against him. C. P. 909; 16 La. 163; 5 An. 306. As to him, the mortgage of the concurrent creditor requires no reinscription, for he has assumed the debt to the extent of its proportion of the purchase money, which he must retain. 4 Rob. 44, Noble v. Cooper.

The court a qua gave judgment in favor of plaintiff for the whole amount of his note with interest. Upon the principles quoted above, it should have been for the pro rata of the price bid by defendant.

It is therefore ordered that the judgment appealed from be amended so as to reduce the same to the sum of two thousand two hundred and nine dollars, with eight per cent. per annum interest, from March 2, 1867, and costs of the lower court, and that plaintiff pay costs of appeal.