(125 So. 621)

No. 29762.

**CONSERVATIVE HOMESTEAD ASS'N v. CONERY et al.**

Dec. 2, 1929.   Rehearing Denied Jan. 6, 1930.

Wm. Winans Wall, of New Orleans, for appellant.

Weiss, Yarrut & Stich, of New Orleans, for appellee.

O'NIELL, C. J.   The only question in this case is whether a tax sale, under the provisions of Act No. 170 of 1898, of real estate that is subject to a vendor's lien held by a building and loan association, or homestead association, and recorded previous to the assessment of the property for the taxes, conveys the property free from the vendor's lien or subject to it. The district judge decided that the sale of the property for delinquent taxes due to the state did not have the effect of canceling the vendor's lien, recorded previous to the assessment under which the tax sale was made, but merely transferred the property subject to the vendor's lien. The holder of the tax title, Commercial Securities Company, has appealed from the decision.

Section 63 of Act 170 of 1898, p. 376. provides that the record of a tax sale in the conveyance or mortgage office in the parish where the property is situated shall, if the property be not redeemed within a year from the date of filing of the deed for record, "operate as a cancellation of all conventional and judicial mortgages." The statute does not declare that the record of a tax sale shall operate as a cancellation of a ven-

dor's lien, but only conventional and judicial mortgages. The language of the statute, in that respect, is exactly the same that was used in the corresponding section of Act No. 85 of 1888, p. 132. In the case of S. D. Moody & Co. v. Sewerage & Water Board, 117 La. 360, 41 So. 649, it was decided that the record of a tax sale, under the provisions of section 63 of Act 85 of 1888, did not operate as a cancellation of a lien securing the cost of paving the sidewalk in front of the property, but operated only as a cancellation of "conventional and judicial mortgages," and therefore that the purchaser at the tax sale took the property subject to the lien securing the payment of the cost of the pavement. The court called attention to the fact that, in the Act No. 80 of 1888, providing for the sale of property adjudicated to the state for unpaid taxes and not redeemed within the year, it was declared, in section 5, p. 90, that such sales vested in the purchaser "an absolute and perfect title to the property, * * * free of all mortgages, liens, privileges and encumbrances whatsoever, except all city and municipal taxes." The court said that it would be unreasonable to hold that the difference in the language of the two statutes enacted at the same session of the Legislature was accidental. It was argued in that case, as it is here, that, if a sale of property for delinquent taxes did not have the effect of canceling all liens previously recorded, the effect would be to subordinate the tax lien to all liens previously recorded, except conventional and judicial mortgages, and that the state might be prevented thereby, in some instances, from collecting her taxes. But the court pointed out that the effect of the two statutes was not to subordinate the tax lien to other liens, previously recorded, but merely to compel a purchaser at a tax sale, under the provisions of Act No.

85 of 1888, to take the property subject to such other liens, other than conventional or judicial mortgages. And the court pointed out that the state was amply protected in a case where no one would be willing to pay the amount of the delinquent taxes, and interest and penalties and costs, and take the property subject to all previously recorded liens except conventional and judicial mortgages, because, in such case, the property would be adjudicated to the state, and, if not redeemed within a year, would be sold to the highest bidder, under the provisions of Act No. 80 of 1888, "free of all mortgages, liens, privileges and encumbrances whatsoever, except all city and municipal taxes." Section 5. It is true that the court said, at the end of the very lengthy and logical opinion which was rendered in that case, that the decision applied exclusively to a statutory pledge, in an assessment matter; but we do not understand that the court meant thereby to retract the declaration that a tax sale did not, under section 63 of Act No. 85 of 1888, have the effect of canceling any liens recorded previous to the assessment of the taxes, except conventional and judicial mortgages. If the court had undertaken to restrict its ruling to a pavement lien, and not to extend it to other liens recorded previous to the assessment, other than conventional and judicial mortgages, the ruling would not have had any basis whatever to rest upon. The decision was rendered in 1906 and is as applicable to section 63 of Act No. 170 of 1898 as it was to section 63 of Act No. 85 of 1888. The Legislature has met and adjourned many times since the decision was rendered, and has not seen fit to amend the law in the respect in which it was construed. The presumption, therefore, is that the officers charged with the duty of collecting the state's revenues have thus far approved of

the court's interpretation of the language of section 63 of the Act No. 85 of 1888 and of the Act No. 170 of 1898.

The appellant cites and relies upon certain expressions in Augusti v. Citizens' Bank, 46 La. Ann. 529, 15 So. 74, and Frederick v. Goodbee, 120 La. 783, 45 So. 606, 608. The ruling in Augusti v. Citizens' Bank is not appropriate to this case; and all that was said in Frederick v. Goodbee, of section 63 of Act No. 85 of 1888, that is appropriate to this case, is: "Such a tax sale under the very terms of the act operates as a cancellation of all conventional and judicial mortgages on the property." The court said also that the tax sale was a sale of the whole title, and that all prior claims in, to, or against the property were cut off and divested, and that the purchaser acquired a new and complete title under and independent grant from the sovereign authority. All of which was quite true, as an abstract proposition, but it was not intended as an enlargement or interpretation of the declaration in section 63 of Act No. 85 of 1888 that the record of a tax sale operated as a cancellation of all conventional and judicial mortgages.

The judgment is affirmed.