LAND, JJ
 

 On November 6, 1929, there was recorded in the mortgage office for the parish of Orleans a judgment in favor of Louis P. Hakenjos against, George Forschler and others in the sum of $15,000, which had the effect of creating a judicial mortgage on all real éstate owned in that parish by the defendants in this case.
 

 However, at the date of the recordation of this judgment, November 6, 1929, there were of record against George Forschler and his wife, in the mortgage office for the parish of Orleans, a' first mortgage and vendor’s lien in favor of the Third District Building Association in the sum of $4,800, registered March 22, 1929; and a second mortgage in favor of Josephine V. Wagner (Mrs. Forschler’s sister) in the sum of $5,000, registered July 13,1929.
 

 Forschler and his wife, having found themselves unable to meet the payments on the first mortgage, and unable to pay the second mortgage, entered into an agreement with Josephine Y. Wagner to sell to her the property in payment of her second mortgage, provided that she would assume, acquit, and dis-, charge the indebtedness of Forschler and his wife to the building association, the first mortgage creditor.
 

 In order to carry this agreement into effect, Josephine Y. Wagner, on October 15, 1929, applied for and later on was granted, by the building association, a loan of $4,900, which was just sufficient to retire the Forschler loan and to pay the costs of the transaction.
 

 On November 15, 1929, by simultaneous notarial acts, Forschler sold his property to the building association for the ámount of his indebtedness, $4,800; and the building association conveyed this property to Josephine V. Wagner for the amount of her loan of $4,900, surrendering its Forschler mortgage lien note, and receiving a like security from Josephine V. Wagner, who also surrendered her second mortgage note against Forschler, for cancellation in the mortgage office for the parish of Orleans.
 

 These acts of sale were recorded on November 16, 1929. The two mortgages, the one by George Forschler and wife in favor of the building association, and the other in favor of Josephine Y. Wagner, were canceled by two separate acts of release of date November 15, 1929, and the notes representing these mortgages were duly canceled and defaced; but these acts were not placed on record.
 

 By error and inadvertence of a clerk in the office of the notary, the act of sale from
 
 *831
 
 George Forsehler and wife to the 'building association, and the act of resale from the building association to Josephine V. Wagner, were prematurely issued and sent to the conveyance and mortgage offices in the parish of Orleans for registry in advance of the production of a certificate from the mortgage office, dated and signed, as contemplated by the parties.
 

 Atf
 
 this error was discovered before the acts of release of the old mortgages were used, these acts were retained in the hands of the notary, and plaintiff contends that the original mortgages, which are still of record, are therefore in full force and effect.
 

 Plaintiff further contends that it never was the intention of the building association to surrender its mortgage rights under the original mortgage, unless it received a clear and' unincumbered title from George Forsehler and wife; nor was it the intention of Josephine Y. Wagner to surrender her rights under her second mortgage, except upon the same condition; and that the premature registry of the acts of sale and resale, which purport to convey title, should be decreed null and void and of no effect; and that the original status of their mortgages and of the title to the property should be restored, and that their mortgages should be decreed to prime the judgment of Louis P. Hakenjos, recorded November 6, 1929.
 

 Judgment was rendered in favor of plaintiff, the building association, annulling, canceling, and declaring of no effect the acts oí sale issued and recorded prematurely, decreeing the property to belong to George M. Forschler and wife, and the original mortgages resting on same to be valid and subsisting mortgages, and to prime the judicial mortgage of Louis P. Hakenjos, recorded November 6, 1929.
 

 From this judgment, Louis P. Hakenjos, one of the defendants, has appealed. The other defendants, George Forsehler and wife, Mary Albertine Wagner Forsehler, and Josephine V. Wagner have not appealed.
 

 If is contended by the defendant Louis P. Hakenjos that the debt of George Forsehler and wife to the building association was extinguished by confusion, by the property falling to the ownership of the mortgage holder; and that the debt of George Forsehler and wife to the building association, and the de.bt of George Forsehler and wife to Josephine V. Wagner, were extinguished by the .actual cancellations executed by authentic acts.
 

 Rev. Civ. Code, article 2217, provides that.
 

 “When the qualities of debtor and creditor are united in the same person, there arises a confusion of right, which extinguishes the obligation.”
 

 It is also held in Copes v. Guillebeau, 34 La. Ann. 1035: “Where a creditor with mortgage and privilege
 
 purchases
 
 the property, his mortgage and privilege are extinguished by confusion.”
 

 It must be remembered, however, that confusion does not take place when the apparent title turns out to be defective, or no title at all. As said by this court in Chaffe & Bro. v. Morgan, 30 La. Ann. 1307: “The setting aside, for any cause, of the sale of an immovable made by a debtor to his creditor who had a mortgage on the immovable, will not impair any legal rights on the property which the creditor had in virtue of his mortgage.”
 

 
 *833
 
 “The annulment or rescission of the sale,” as declared in New Orleans Ins. Assn. v. Labranche, 31 La. Ann. 841, “would have the effect of placing the parties in the position they held before the sale, each party being restored to the rights he then had, and abandoning those which had ineffectually been transported [transferred] to him.”
 

 In Pugh v. Sample, 123 La. 791, 49 So. 526, 39 L. R. A. (N. S.) 834, it was held, as stated in the syllabus: “Whilst one cannot be, at the same time, owner and mortgagee of the same property, if the title, which, apparently conveying perfect ownership, is supposed to destroy the mortgage, by confusion turns out
 
 to be no title, or an imperfect title,
 
 the mortgage, which was suspended, and thus apparently destroyed, upon the assumption of perfect ownership, revives; the cause of its suspension and supposed destruction no longer existing. ‘The effect cannot have a longer duration than the cause,’ ” citing Millaudon v. Allard, 2 La. 547.
 

 Upon the legal principles above announced, plaintiff, the building association, is seeking restitutio ad integrum by the present suit, the purpose of which is to have the mistaken transactions entered into by the parties invalidated as incomplete
 
 and, icithout consideration,
 
 and to restore and revive the original mortgages and rights of the parties.
 

 It seems to us that there was a complete failure of consideration, and that the contracts between the parties are invalid and of no effect, as none of them received the consideration which he bargained to receive, as follows:
 

 First. George Forschler and wife were to receive
 
 an acquittance and discharge
 
 from the indebtedness of the first and second mortgages, held by the building association and Josephine V. Wagner.
 

 Second. The building association was to receive from Forschler
 
 a perfect and unincumbered title,
 
 so as to be able to convey same to Josephine V. Wagner, and thus carry out her agreement with Forschler, and to receive ' from her
 
 a note equal in ranlc
 
 with the Forschler note surrendered.
 

 Third. Josephine V. Wagner was to receive
 
 a perfect and unincumbered title.
 

 On these conditions and for this consideration, the parties surrendered their original securities under the full belief that they were receiving consideration, therefor, of equivalent value and in another form.
 

 When it developed that the title, which was supposed to be clear, was incumbered with a judicial mortgage for $15,000, more than twice the value of the property,
 
 it became evident that the motive, cause, and consideration of the contracts had failed,
 
 and that the parties, therefore, were entitled to a restitutio ad integrum, which they have sought in the present suit.
 

 The registry laws have nothing to do with the case, nor has the negligence imputed by defendant Hakenjos to the clerk of the notary, in failing to obtain certificate of mortgages on the day the sales were passed, and before the recordation of same.
 

 Under the facts of the case, no confusion has taken place, as the sales were invalid for want of consideration, and no title passed.
 

 Besides, the acts canceling the original mortgages were never placed on record.
 

 
 *835
 
 In our opinion, the judgment of the lower court is correct.
 

 Judgment affirmed.