**150 So. 564**

## CONSERVATIVE HOMESTEAD ASS'N v. FLYNN.

## LEVENBERG v. CONSERVATIVE HOMESTEAD ASS'N.

### No. 32312.

July 7, 1933.

Rehearing Denied Oct. 3, 1933.

Theo Cotonio, Jr., and Theo Cotonio, both of New Orleans, for appellant.

Weiss, Yarrut & Stich, of New Orleans, for appellee.

ROGERS, Justice.

The Conservative Homestead Association is a corporation organized and operating under the building and loan laws of this state. On June 5, 1922, the association acquired and recorded a vendor's lien and privilege for $2,500 against a certain piece of real estate situated in the city of New Orleans. On September 15, 1928, Mrs. Cecile Levenberg purchased the property from the city of New Orleans for delinquent city taxes for the year 1926. Upon default of George W. Flynn, its mortgage debtor, the Conservative Homestead Association instituted the usual foreclosure proceeding for the enforcement of its vendor's lien and privilege. Subsequently, Mrs. Levenberg, the tax purchaser, sought to enjoin the homestead association from proceeding with its suit, on the ground that the vendor's lien and privilege of the association had been canceled by the tax sale and it was without interest in the property. The suits were consolidated in the court below, and thereafter the proceeding via executiva was converted into a hypothecary action via ordinaria, in which both Mrs. Levenberg, the tax purchaser, and Flynn, the mortgage debtor, were made parties defendant. Mrs. Levenberg filed numerous exceptions and a plea of estoppel, which were overruled. In her answer she denied that the homestead association was entitled to any relief against her. Flynn made no appearance and judgment was taken against him by default. As against Mrs. Levenberg, the court below held that her acquisition of the property under the tax title was subject to the vendor's lien and privilege. The court, accordingly, dismissed Mrs. Levenberg's application for an injunction, and ordered that the property be sold in satisfaction of the vendor's lien and privilege of the homestead association. From this judgment, Mrs. Levenberg has appealed.

The tax sale to Mrs. Levenberg was made under Acts No. 119 of 1882 and No. 170 of 1898. And the case falls squarely within the doctrine announced by this court in the case of the Conservative Homestead Association v. Conery, 169 La. 573, 125 So. 621, that a tax sale under section 63 of Act No. 170 of 1898 does not convey property free of a vendor's lien recorded previous to the assessment of the property for taxes.

Appellant argues that the decision in the Conery Case is wrong, because under section 33 of Act No. 170 of 1898 the filing of the assessment rolls in the mortgage office creates for state and municipal taxes a mortgage that primes all other liens and mortgages, except tax rolls of the previous years.

The same argument was unsuccessfully advanced in the Conery Case. The argument is unsound, because section 63 of Act No. 170 of 1898 expressly sets forth what incumbrances are canceled by a tax sale, namely, conventional and judicial mortgages only.

There can be no doubt that under section 33 of Act No. 170 of 1898, the lien or mortgage for taxes outranks all other incumbrances, except the tax rolls for previous years, and that the state or the municipality, as the case may be, has the right to sell the property in the enforcement of its delinquent taxes.

But there can be no doubt, also, that under section 63 of the statute the tax purchaser, if a third person, acquires the property subject to all incumbrances except conventional or judicial mortgages.

As the court pointed out in the case of Moody & Co. v. Sewerage & Water Board, 117 La. 360, 41 So. 649, which was cited and followed in the Conery Case, pledges, privileges, and tax mortgages are creatures of positive law. Nothing as to taxes is left to implication, and there are no securities for their payment except those provided by legislative authority constitutionally exercised. The lawmaking power may provide that the property sold for delinquent taxes may pass free of all mortgages and liens, but unless it thus provides the property does not pass free of all incumbrances. The law may also limit the extent to which the incumbrances shall remain on the property.

The sixty-third section of the revenue statute under which the property involved herein was sold provides that if the property be not redeemed within a year from the date of filing the deed for record, such record shall operate as a cancellation of all conventional and judicial mortgages. The statute does not make the tax sale operate to cancel all liens or mortgages, but only all conventional and judicial mortgages. The vendor's lien and privilege is not one of the incumbrances on the property which the statute declares shall be canceled as the result of the recordation of the tax deed.

It is argued here, as it was in the Conery Case, that if a sale of property for delinquent taxes does not have the effect of canceling all mortgages and liens previously recorded, the effect will be to subordinate the tax lien to all liens previously recorded, except conventional and judicial mortgages, thereby preventing the state or municipality from collecting its taxes.

But, as pointed out by the court in the Conery Case, the state is amply protected where no person is willing to pay the delinquent taxes, interest, penalties and costs, and take the property subject to all previously recorded liens except conventional and judicial mortgages, because in such case the property will be adjudicated to the state, and if not redeemed within a year, will be sold to the highest bidder under the so-called "Ironclad Act," being Act No. 80 of 1888, "free of all mortgages, liens, privileges and encumbrances whatsoever, except all city and municipal taxes" (section 5). And under Act No. 119 of 1882 and section 14 of article 10 of the Constitution of 1921, the right is granted to municipalities to enforce the collection of their taxes in the same manner as state taxes are collected. Cleveland Steel Co. v. Joe Kaufman Co., 155 La. 529, 99 So. 428; Morelock v. Morgan & Bird Gravel Co., 174 La. 658, 141 So. 368.

Appellant contends that the interpretation placed by this court in the Conery Case on

section 63 of Act No. 170 of 1898 makes the provision unconstitutional, because section 11 of article 10 of the Constitution of 1921 provides that sales for delinquent taxes shall take place in the manner provided by law and that on the day of sale the tax collector shall sell the least quantity of property which any bidder will buy for the amount of the taxes, interest, and costs.

Appellant argues that the ruling in the Conery Case gives the vendor's lien preference over the tax lien, thereby prohibiting the tax collector from adjudicating the property or a lesser portion thereof, unless the bid is sufficient to cover the amount of the vendor's lien as well as the taxes due.

But the decision in the Conery Case does not hold that the vendor's lien is superior to the tax lien of the state or municipality. All that the decision holds is that the sale of property to enforce a tax lien, under the provisions of the general revenue statute itself, does not cancel the vendor's lien.

There was no question in the Conery Case, nor is there any question in this case, concerning the right of the state or municipality to a first mortgage for taxes and its right to foreclose therefor.

This court merely gave effect in the Conery Case what it is called upon to give effect to in this case, namely, the legislative intent as expressed in Act No. 170 of 1898, that when the state or municipality forecloses its tax lien, the property passes to the purchaser burdened with all existing incumbrances, except conventional or judicial mortgages.

If no bidder is willing to pay the amount of the taxes and assume the recorded burdens of the property remaining extant, the property must be adjudicated to the state, and when sold by the state under Act No. 80 of 1888 it passes to the purchaser free of all incumbrances whatsoever. The entire proceeds of the sale will then belong to the state.

The effect of the two statutes is such that in no event can a tax debtor escape the payment of his debt.

The taxing power of the state is exclusively a legislative function, and taxes can be imposed only in pursuance of legislative authority. Subject to the fundamental or organic limitations on the power of the state, the Legislature has plenary power in the matter of taxation, and it alone has the right and discretion to determine all questions of time, method, nature, purpose, and extent in respect of the imposition of taxes, and all incidents pertaining to the proceedings from beginning to end. 61 C. J. 81, par. 10, "Taxation."

Under section 1 of article 10 of the Constitution of 1921 as amended in 1926 (see Act No. 162 of 1926), the power of taxation is expressly vested in the Legislature. Neither the constitutional provision invoked by appellant, nor any other constitutional provision that we are aware of, regulates the priority of tax liens, and therefore the power to regulate such liens is vested in the Legislature. The question raised by appellant is not a constitutional one, but one merely of statutory construction.

Lastly, appellant contends that the homestead association is estopped to contest her title, because it failed to pay the taxes

for which the property was sold, notwithstanding the publication of the tax collector's general notice to all mortgage creditors of the impending tax sales so as to afford them an opportunity of protecting their rights. In support of her plea, appellant refers to section 63 of Act No. 85 of 1888, which, after providing for the execution of tax deeds and granting the right of redemption, reads as follows, viz.: "and if not redeemed, such record in the conveyance or mortgage office shall operate as a cancellation of all conventional and judicial mortgages, and it shall be the duty of the sheriff or tax collector to notify the mortgage creditors ten (10) days previous to such sale."

Obviously, the creditors referred to in the statute are creditors holding conventional or judicial mortgages, and not creditors holding any other kind of mortgages, liens, or privileges.

█ In the Conery Case, we expressly called attention to the fact that the Legislature had met and adjourned many times since the decision was rendered in Moody & Co. v. Sewerage & Water Board, supra, and had not seen fit to amend the law in the respect in which it was construed. And since the decision in the Conery Case itself, the Legislature has met and adjourned twice and has not seen fit to supersede the decision by legislative enactment. The presumption, therefore, is that the officers charged with the duty of collecting taxes have approved of the court's interpretation of the statutes reviewed in the decision.

For the reasons assigned, the judgment appealed from is affirmed.