182 So. 329

## STATE ex rel. WESTOVER REALTY CO., Inc., v. CITY OF NEW ORLEANS.

### No. 34808.

May 30, 1938.

F. Rivers Richardson, of New Orleans, for appellant.

Francis P. Burns, City Atty., and Henry B. Curtis, Asst. City Atty., both of New Orleans, for appellee.

PONDER, Justice.

The relator seeks mandamus to compel the City of New Orleans to accept the payment of taxes due the City for the year 1932 on certain property owned by the relator in the City of New Orleans. From the relator's petition it is set out to the effect that the relator is the owner of four certain pieces of property in the City of New Orleans which were adjudicated to the State of Louisiana on March 6, 1934, for the unpaid taxes for the year 1932. This same property was also adjudicated to the City of New Orleans on March 29, 1934, for the unpaid taxes due the City for the year 1930. At the time the property was adjudicated to the State and adjudicated to the City for unpaid taxes, the property was owned by the Richardson Realty Incorporated. The relator acquired this property from the Richardson Realty Inc. on April 25, 1936. Application having been previously made under the provisions of Act No. 161 of 1934, as amended, a certificate of redemption was issued by the Register of the State Land Office on May 7, 1936, upon which the first installment was paid. The plaintiff desiring to complete the redemptions from the State was informed by the Register of the Land Office on October 23, 1937, that it was not only necessary to forward the amount due under the certificates of redemption but that the relator would have to present evidence of the payment of the City taxes for the year 1932. The relator applied to the City for a statement of the taxes due for the year 1932 and upon being informed that the amount due for the taxes for that year was $501.60 the relator tendered its check for that amount which the City refused to accept, claiming that the relator would first have to redeem the property from the City on account of the adjudication of the property made to the City on March 29, 1934. The property is alleged to be worth more than $2100.00. The relator prayed for mandamus ordering the City to accept the City taxes for the year 1932 and for issuance of the proper tax receipts. The defendant City filed an exception of no right or cause of action. Upon trial of the rule the lower court rendered judgment refusing relator's application for mandamus, from which judgment the relator appeals.

The relator contends:

"(1) It was error to refuse an alternative writ of mandamus directed to the City of New Orleans, seeking to compel it to accept payment of city taxes for the year in which property had been adjudicated to the State of Louisiana, and which the State required to be paid before it would permit the redemption of property adjudicated to it under the provisions of Act No. 161 of 1934, as amended by Act No. 14 of the Fourth Extraordinary Session of 1935.

"(2) It was error to hold that the City of New Orleans could refuse to accept tender of taxes for any particular year

because other city taxes were due on the property.

"(3) It was error to hold that the City of New Orleans could impede and prevent the State from carrying out its contracts of redemption ·of property under the provisions of Act No. 161 of 1934, as amended, because the City claimed to hold adjudications to itself of the same property, made subsequent to the adjudications made the State.

"(4) It was error to hold that the City of New Orleans could not be compelled to observe and carry out the provisions of Act No. 161 of 1934, as amended.

"(5) It was error to hold that the question of the validity of tax adjudication made the City, or the cancellation of City tax adjudications were involved in a mandamus proceedings seeking to compel the City to accept payment of City taxes for a particular year required to be paid by the State under its contracts made pursuant to Act No. 161 of 1934, as amended.

"(6) It was error to hold that the question of the validity of tax adjudications made the City or the cancellation of City taxes, or City tax inscriptions, were ·involved in a mandamus proceeding, when no such issue was raised by the petition, and where the prayer of the Relator only sought judgment compelling the City to accept payment of tendered taxes for a particular year."

The relator in this suit does not seek to annul or set aside the tax adjudication made to the City. The relator seeks to compel the City to accept the taxes continued to be listed and assessed in the name of its former owner for the year 1932.

In the case of Bellocq v. City of New Orleans, 31 La.Ann. 471, this Court said:

"The State taxes, and the taxes due the city of New Orleans on real estate within the city limits, operate as concurrent privileges on the property, and hence no adjudication of the property under a sale for the compulsory payment of State taxes will extinguish the liens of the city for its taxes, when the price of the adjudication is not sufficient, on a proportional distribution between the city and State, to pay to the State the full amount of its taxes."

In the case of Gamet's Estate v. Lindner, 159 La. 658, 106 So. 22, the Court said:

"Subsequent to the adjudication of property to the state for unpaid taxes, the title vested in the state is not free from any obligation whatever, but such property may be sold, subject to the rights of the state, by a municipality to satisfy the city's tax lien, and hence contention that, since property had been adjudicated to state under Act No. 85 of 1888, and Act No. 93 of 1890, a subsequent sale for taxes by city pursuant to Act No. 119 of 1882 and Act No. 170 of 1898, was a nullity and was without merit."

The Court also said (page 24):

"The positive requirement of the·law is that subsequent to the adjudication to the state the property shall, during the period

reserved for its redemption, continue to be listed and assessed in the name of its former owner. In view of the jurisprudence to which we have referred, this can only mean that the property shall continue to be listed and assessed in the name of its former owner until the state has parted with its title. In these circumstances, can it be contended that the municipality is prohibited from proceeding against the property for its taxes due thereon? We think not. In our opinion, the municipality is authorized to sell the property to satisfy its tax lien."

 When the relator sought to complete the redemption of this property from the State it would appear that the Register of the State Land Office was unaware of the fact that the property had also been adjudicated to the City for delinquent taxes for the year 1930. The City does not make its tax sales until just before the end of the three year prescriptive period provided for in the Constitution, Article 19, Section 19, Constitution 1921. However, the taxes become due and payable each year. Under the provisions of Section 14 of Article 10 of the Constitution of 1921 the City has the right to enforce the collection of their taxes in the same manner as State taxes are collected. Conservative Homestead Association v. Flynn, 178 La. 17, 150 So. 564. The property having been adjudicated to the City, the adjudication could not be ignored and the City compelled to accept the taxes of 1932. The relator's recourse would be to redeem the property under the provisions of Act No.

170 of 1898, Section 62, as amended by Act No. 175 of 1934. St. Bernard Syndicate v. Grace, 169 La. 666, 125 So. 848.

For the reasons assigned, the judgment is affirmed at appellant's cost.

O'NIELL, C. J., does not take part.