200 So. 811

**STAHL v. CARON.**

No. 35995.

Feb. 3, 1941.

Rehearing Denied March 3, 1941.

S. Roccaforte, Neil A. Armstrong, Jr., and Herman L. Midlo, all of New Orleans (A. P. Schiro, III, and Gerson Z. Tolmas, both of New Orleans, of counsel), for Margaret Reinhardt, curatrix of interdict, Ruth Armstrong, appellant.

Isaac S. Heller and Leopold Stahl, both of New Orleans, for Cadillac Realty. Co., Inc., appellee.

HIGGINS, Justice.

The Cadillac Realty Company, Inc., as adjudicatee of the property No. 4217–19 Canal Street, New Orleans, Louisiana, at the foreclosure sale under a concurrent mortgage securing a series of twenty-five notes, filed a rule against the defendant, the holder and owner of $2,000 of the mortgage notes, to show cause why she should not accept the sum of $265.80, as her alleged pro rata of the sale price of $3,000 for the property, and why the mortgage securing the $2,000 of notes should not be cancelled.

Defendant answered, averring that Leopold Stahl, an attorney-at-law, at all times before and during the foreclosure proceed-

ings acted for the joint benefit of all of the holders of the outstanding notes and had become the adjudicatee of the property at the public auction by the sheriff, but later, without authority, had the sheriff transfer the property to the Cadillac Realty Company, Inc.; that the $8,000 of mortgage notes foreclosed upon by Stahl against the maker, May Caron, had become extinguished by confusion by virtue of the adjudication to Stahl; and prayed that the purported adjudication of the property to the Cadillac Realty Company, Inc., be annulled and that the proceeds of the sale to the extent of the amount of her mortgage notes be paid to her. The district judge held that the sale to the Cadillac Realty Company, Inc., was valid, and ordered the cancellation of the mortgage securing her two notes, upon the payment to defendant of the sum of $265.80, representing her pro rata share of the proceeds of the sale. The defendant appealed suspensively.

During the year 1926, May Caron mortgaged her property No. 4217–19 Canal Street, to the Union Title & Guaranty Company for the sum of $15,000, represented by twenty-five mortgage notes, twenty for the sum of $500 each and five for the sum of $1,000 each. On July 9, 1934, Leopold Stahl instituted foreclosure proceedings via executiva against May Caron, alleging himself to be the holder of the notes Nos. 11 through 23, inclusive, totalling $8,000. On August 17, 1934, May Caron availed herself of the provisions of Act 159 of 1934, commonly called the Moratorium Act. Thereafter, Stahl and Miss Caron entered into an agreement under the terms of which the

rents and revenues from the property were to be delivered to Stahl for the benefit of the various holders and owners of the outstanding mortgage notes, including the two held by the defendant, and for the purpose of paying the taxes, insurance premiums, interest, etc. A joint petition was presented by Stahl and May Caron and judgment was rendered, ordering Stahl to receive the rents and to pay them over to the holders of the outstanding notes after paying taxes, etc. Stahl discharged this duty for some time and was succeeded by Samuel S. Victor, appointed by order of the court. Upon the death of May Caron on June 13, 1939, Stahl made the administratrix of her succession a party to the proceedings for the purpose of completing the foreclosure. On February 29, 1940, the property was seized and advertised for sale and sold by the civil sheriff to Leopold Stahl at public auction for the sum of $3,000. The defendant's representatives were present at the sale, but did not bid on the property. An hour and a half after the adjudication, Stahl informed the sheriff that he had purchased the property for the Cadillac Realty Company, Inc. The defendant's attorneys learned of this fact on March 13, 1940, and immediately notified the sheriff that the defendant would object to the transfer of the property to anyone except Stahl. The present litigation followed.

It is well settled that the right of a holder of a part of a series of notes secured by the same mortgage and who is not a party to the foreclosure proceedings thereon against the property by another holder of some of the notes, is no greater nor less than the right to share in the proceeds of the sale on a proportionate basis when the price of the adjudication or proceeds of the sale are less than the amount of the mortgage. Lovell v. Geo. D. Cragin et al., 136 U.S. 130, 10 S.Ct. 1024, 34 L.Ed. 372; Johnson v. Duncan, 24 La.Ann. 381.

While the trial judge decided that the Cadillac Realty Company, Inc., was the adjudicatee and the evidence in the record supports his conclusion, even if Stahl is said to be the real adjudicatee, the defendant would be in no more favorable position because the right of each of the holders and owners of a part of a series of notes secured by the same mortgage is not varied because one of them became the adjudicatee and the other was not a party to the foreclosure proceedings. Millaudon v. Allard, 2 La. 547; Leonard et ux. v. Brooks, 158 La. 1032, 105 So. 54, and Meriwether v. New Orleans Real Estate Board, 182 La. 649, 162 So. 208.

If the holder of some of the notes, who foreclosed and became the adjudicatee of the property at public sale, loses his rights in the proceeds of the sale by extinguishment, through confusion, the mortgage creditor who foreclosed would be unable to protect his interest at the adjudication other than by getting some third person to bid in the property.

Counsel for the defendant has referred us to the cases of Pugh et al. v. Sample, 123 La. 791, 49 So. 526, 39 L.R.A.,N.S., 834; Copes v. Guillebeau, et al., 34 La.Ann. 1032, and Third District Bldg. & Loan Ass'n v. Forschler, 174 La. 828, 141 So. 849, in support of his contention that the $8,000 of notes foreclosed upon by Stahl would be-

come extinguished by confusion if he were considered the adjudicatee. Those cases are not apposite because they cover situations where there was a private sale of the property involved. .

In the instant case, the defendant invokes the doctrine of equitable estoppel. The record shows that there was neither expressed nor implied warranty by Stahl in the defendant's favor because she acquired the two notes from someone else. Even if the defendant labored under the impression that Stahl was representing all of the mortgage note holders under the judgment in the moratorium proceedings and received the rents and revenues of the property for the joint benefit of all of the holders, upon the death of May Caron on June 13, 1939, this relationship definitely changed because Stahl then proceeded to complete the foreclosure matter and could not be considered as acting for any other mortgage note holder not only because his relation to the parties under the moratorium judgment had changed, but because it was shown that the defendant's own attorneys appeared at the foreclosure proceedings in her behalf. It is unfortunate that the property did not bring enough to pay all of the mortgage note holders in full, but the defendant had the same right as the others to protect herself by either bidding or interesting others in bidding on the property to an amount that was considered a reasonable price therefor.

For the reasons assigned, the judgment appealed from is affirmed.

O'NIELL, C. J., and LAND, J., take no part.