HALL, Judge.
Plaintiff brought suit, within the five year preemptive period, to annul a tax sale of the City of Kenner on the ground that the notice of delinquency required by law was not given the proper party at the time of the advertisement and sale for taxes. The District Court rendered judgment in plaintiff’s favor annulling the tax sale and •defendant appealed.
The chronological sequence of events leading up to the suit are as follows:
1) On July 13, 19SS Elsie Woodridge sold the property to Mr. and Mrs. Profit Sylvester by an act of sale and vendor’s lien which was registered and recorded July 22, 1955.
2) On August 17, 1955 plaintiff bought the property at a tax sale for State and Parish taxes, which tax sale was registered ■on September 28, 1955.
3) On December 28, 1955 defendant acquired the same property at a tax sale by the City of Kenner for City taxes, the .sale being registered on August 13, 1956.
4) On May 15, 1956 the property was redeemed from plaintiff by Mr. and Mrs. Profit Sylvester.
5) On July 30, 1958 plaintiff purchased the property at a Sheriff’s sale held pursuant to foreclosure of the original vendor’s lien, the sale being registered on August 11, 1958.
The principal issues for determination are: (1) whether plaintiff has a right of action to annul the City of Kenner tax sale of December 28, 1955, and (2), if so, was this tax sale invalid because the notice of delinquency required by law was given to the wrong person ?
(1)
Plaintiff’s position is that when he acquired title at the Sheriff’s sale on July 30, 1958 he acquired all of the rights of the owners, Mr. and Mrs. Profit Sylvester, which included any right they had to annul the tax sale to defendant. Defendant contends that the only right that Mr. and Mrs. Profit Sylvester had, and therefore the only right which plaintiff could acquire, was the right to redeem the property from defendant within the three year redemptive period which had not expired at the date of the foreclosure sale; but which did expire on August 13, 1959 without any effort being made by the defendant to redeem the property; that consequently plaintiff cannot now avail himself of that right.
We are not dealing here with the right of plaintiff to redeem but with his right to bring an action to annul within the five year preemptive period.
When defendant acquired the property from the City of Kenner it did so subject to the existing vendor’s lien and privilege. Conservative Homestead Ass’n. v. Conery, 169 La. 573, 125 So. 621; Conservative Homestead Ass’n. v. Flynn, 178 La. 17, 150 So. 564.
When plaintiff acquired the property at foreclosure sale he acquired all of the real and legal rights in the property then possessed by Mr. and Mrs. Profit Sylvester. At the time of the foreclosure sale they possessed not only the right timely to redeem but possessed also the right within the five year preemptive period to contest the validity of the tax sale to defendant, both of which rights became vested in plaintiff. See Wood v. Zor, Inc., La.App., 154 So.2d 632.
(2)
According to defendant’s tax deed from the City of Kenner the advertisements for the sale of the property began on October 28 and continued through December 28, *380 1955, tlie date of the sale. The record owners during this period were Mr. and Mrs. Profit Sylvester, by virtue of their purchase from Elsie Woodridge, and plaintiff, as the purchaser at the tax sale for State and Parish taxes.
The record shows that the notice of delinquency required by Article X, Section 11 of the Constitution, LSA and LSA-R.S. 47:2180 was not given to Mr. and Mrs. Sylvester nor to plaintiff who were the owners of record, but was given to Elsie Woodridge who had no ownership in the property at the time of the advertisement and sale.
In Martin v. Serice, 200 La. 556, 8 So.2d 538, the Supreme Court said:
“It is now the uniform jurisprudence that ‘no matter in whose name the property has been assessed, the owner of record at the time of the advertisement and sale for taxes is to be regarded as the delinquent tax debtor within the meaning of the constitutional provision requiring notice to be given to the delinquent before making the sale, and where notice of delinquency was not given to the record owner, the tax sale is void.’ ” * * *
See also Kuhn v. Sandefur, La.App., 28 So.2d 515.
Since the notice of delinquency in this case was not given to the record owners at the time of the advertisement and sale it did not satisfy the mandatory requirements of the constitution and statutes and the tax sale to the defendant is therefore null and void. See West’s Louisiana Digest verbo Taxation 623(c).
(3)
Defendant makes the statement (which is not denied by plaintiff although the record would indicate otherwise) that plaintiff was the owner of the vendor’s lien note and that it was he who instituted the foreclosure proceedings. Defendant then points out that between August 17, 1955 and May 15, 1956 plaintiff owned the property foreclosed) upon by virtue of his purchase at the State and Parish tax sale, and argues that if plaintiff was the owner of the note at any time during his ownership of the property the indebtedness sued upon in the foreclosure proceedings would have been extinguished by confusion. Defendant therefore requests that the case remanded to establish the date when plaintiff acquired! the note.
Praetermitting any discussion of plaintiff’s right to attack the foreclosure proceedings and assuming arguendo that at some period of time plaintiff was simultaneously both the owner of the tax title and' the vendor’s lien note, it does not follow that the indebtedness represented by the note was extinguished by confusion.
Plaintiff’s tax title was a defeasabl'e-one, subject to redemption by the tax debt- or. When the tax debtor redeemed the property from plaintiff on May 15, 1956>. plaintiff lost title and the mortgage revived!.
“The eviction of a purchaser under a voidable tax sale, who at the time of the purchase held a mortgage on the-property, renews the mortgage, and) relieves it from all effects of the ex-tinguishment resulting from the mortgage creditor having acquired the ownership of the thing mortgaged.” Dawson et al. v. Thorpe, 39 La.Ann. 366, 1 So. 686.
See also Pugh v. Sample, 123 La. 791, 49 So. 526, 39 L.R.A.,N.S., 834; Third District Bldg. Ass’n. v. Forschler, 174 La. 828,. 141 So. 849; Cook v. Lemoine, 178 La. 1014, 152 So. 689; Theriot v. Heirs of Dugas, 2 La.App. 109; Perez v. Guitard,. 14 Orl.App. 191.
For the foregoing reasons the judgment appealed from is affirmed.
Affirmed.