SARTAIN, Judge.
This is an appeal from a judgment rejecting plaintiff-appellant’s demands in a petitory action to be recognized as owner of certain property in East Baton Rouge Parish described as Lots 21 and 22, Square 14, Scotland Addition.
The facts of this dispute show that appellant purchased the property in question at a tax sale for unpaid state and parish taxes assessed to Frank Patin, Jr. and Velma Lee M. Patin for the year 1965. The tax sale was made on June 1, 1966 and on September 23, 1969, the sale was confirmed and homologated in a monition proceeding.
Frank Patin, Jr. and Velma Lee M. Pa-tin had purchased the property March 23, *155 1963, and the property was mortgaged to secure a vendor’s lien and privilege for the payment of the purchase price. On October 10, 1969, R. A. Crick, holder of the vendor’s lien, instituted foreclosure proceedings by executory process against the Patins to enforce his lien and special mortgage against the subject property. Pursuant to a writ of seizure and sale the sheriff sold the subject property to R. A. Crick on December 17, 1969. Crick then sold the property to Ourso and Company, Inc. on May 20, 1970 and on the same day Ourso and Company sold the property to defendants-appellees, Earnest Jones, Jr. and Lozena W. Jones.
Appellant filed his petitory action on May 25, 1971, seeking recognition of his ownership under the tax deed. The case was tried in October of 1971 and judgment with written reasons was handed down on November 30, 1971 recognizing defendants-appellees as owners of the property, from which judgment plaintiff-appellant perfects this appeal. We affirm.
The issues to be resolved are (1) the effect of the tax sale of property which is the subject of a pre-existing vendor’s lien; (2) the propriety of the use of executory process to enforce a vendor’s lien and privilege on the property subsequent to a tax sale of that property; and (3) whether the use of executory process in this case violates the procedural due process rights of the tax sale purchaser. We will address ourselves to each issue in the order listed.
(1) EFFECT OF THE TAX SALE
In regard to this issue where there is a tax deed to immovable property which is not redeemed within three years by the tax debtor, LSA-R.S. 47:2183 provides that:
“. . . if not redeemed, such record in the conveyance office shall operate as a cancellation of all conventional and judicial mortgages . . .”
Basing their argument on this provision appellants contend that after the lapse of three years from the date of purchase at the tax sale, the prior encumbrances on the property were automatically cancelled including the prior recorded vendors lien and privilege. However, in construing this same provision in a similar case the Supreme Court held that:
“The statute does not make the tax sale operate to cancel all liens or mortgages, but only all conventional and judicial mortgages. The vendor’s lien and privilege is not one of the incumbrances on the property which the statute declares shall be canceled as a result of the recor-dation of the tax deed.” Conservative Homestead Ass’n v. Flynn, 178 La. 17, 150 So. 564, 566 (1933). See also Conservative Homestead Ass’n v. Conery, 169 La. 573, 125 So. 621 (1929).
Additionally it is provided in LSA-R.S. 47:2184 that:
“The tax sale shall convey and the purchaser shall take the entirety of the property intended to be assessed and sold as it was owned by the delinquent taxpayer . . .”
Of this provision it was specifically stated in Kellenberg v. Klause, La.App., 162 So. 2d 73 (4th Cir. 1964), writs refused 246 La. 356, 164 So.2d 354 (1964), that the interest conveyed at a tax sale is only that which is owned by the delinquent taxpayer.
In the case at bar the interest owned by the delinquent taxpayer was an interest held subject to a vendor’s lien and privilege which was entered into in March of 1963 when the Patins purchased the property to secure payment of the purchase price. That this was a vendor’s privilege is clear from a reading of LSA-C.C. Article 3249 which provides in part:
“Creditors who have a privilege on im-movables are:
1. The vendor on the estate by him sold, for the payment of the price or *156 so much of it as is unpaid, whether it was sold on or without a credit. * * * ” (Emphasis supplied)
Therefore, the purchaser at the tax sale received title to the property subject to this encumbrance which, notwithstanding the failure on the part of the delinquent taxpayer to redeem the property, remained in effect as a valid pre-existing vendor’s lien and privilege.
Appellant cites several' cases to the effect that a tax sale purchaser acquires a perfect title as to the world and that all prior claims to the property are divested and cut off after the redemptive period has run. Magnolia Petroleum Company v. Marks, 225 La. 805, 74 So.2d 36 (1954); Esso Standard Oil Company v. Jordan, 231 La. 594, 92 So.2d 377 (1956); and Frederick v. Goodbee, 120 La. 783, 45 So. 606, 608 (1908). However, while the tax sale purchaser is vested with a complete and perfect title, this title would still be subject to a prior recorded vendor’s lien. As aptly stated by the trial judge in his written reasons for judgment:
“The rights in, to or against the property which are divested are only such rights as those secured by conventional and judicial mortgages, not the rights secured by a vendor’s lien.”
Therefore, we hold that when appellant purchased the property at the tax sale he took subject to the pre-existing vendor’s lien, which remained viable and enforceable even after the redemptive period had elasped.
(2) PROPRIETY OF THE USE OF EX-ECUTORY PROCESS
Appellant contends that under LSA-R.S. 47:2183, quoted in part above, the use of executory process to foreclose on this property was improper because all conventional mortgages on the property were cancelled as a result of the tax sale after the redemptive period had passed. While we agree that the mortgage which secured the vendor’s lien and privilege herein was a conventional mortgage under C.C. Article 3290, the use of executory process to enforce that mortgage cannot now be attacked under the plain provisions of the Code of Civil Procedure.
Code of Civil Procedure Article 2642 provides in part:
“Defenses and procedural objections to an executory proceeding may be asserted either through an injunction proceeding to arrest the seizure and sale as provided in Articles 2751 through 2754, or a sus-pensive appeal from the order directing the issuance of the writ of seizure and sale, or both. * * *”
Therefore when one attempts to attack the use of executory process the proper remedy is to seek an injunction to arrest the seizure and sale, or to suspensively appeal from the order directing the issuance of the writ of seizure. Appellant having failed to utilize either of these remedies during the executory process proceedings cannot now seek to attack the propriety of the use of that procedure.
Appellant also complains that he was not made a party to the executory process proceedings and thus could not attack the use of executory process to enforce the mortgage against the property herein. We find this contention without merit in that Code of Civil Procedure Article 2701 provides that a mortgage may be enforced against the mortgaged property without regard to a third party who owns or is in possession thereof and such a third person need not be made a party to the ex-ecutory process proceedings. See also: Shiftlett v. Brewer, La.App., 208 So.2d 31 (1st Cir. 1968).
(3) PROCEDURAL DUE PROCESS
Appellant contends that the use of executory process which resulted in the seizure and sale of the property in question herein violated his due process rights un *157 der the Louisiana and United States Constitutions. This contention is based on the grounds that appellant as tax purchaser-owner of record was not notified of the executory proceedings against the property. We find this contention without merit in that the question of the constitutionality of the procedure followed in the seizure and sale of the property by executory process was not raised below and consequently is not properly before this Court. The general rule is that a litigant cannot raise the question of the unconstitutionality of a statute or ordinance unless such unconstitutionality has been specially pleaded and the grounds particularized. Summerall v. Phillips, 258 La. 587, 247 So.2d 542 (1971); City of Shreveport v. Pedro, 170 La. 351, 127 So. 865 (1930). Therefore, since this issue was not raised and passed on below, we cannot rule on it at the appellate level.
For the above and foregoing reasons, the judgment of the District Court is affirmed at appellant’s cost. ■
Affirmed.