Dear Senator Dardenne:
You have asked for an opinion from this office as to the following:
 When a person buys immovable property at a tax sale, but does not take possession of the property, does the purchaser incur any personal liability for environmental problems or torts on the property during the redemption period and/or prior to such time as the purchaser is vested with full ownership of the property?
It is the opinion of this office that a tax purchaser would be responsible for his property and would be liable therefore as would any purchaser at any sale. Consequently, such an owner would be responsible for damages his property caused by virtue of his ownership in accordance with the laws of this state.
Unlike public bodies who are protected to a certain extent from liability where property is adjudicated to them, individual purchasers at a tax sale enjoy no such immunity. The effect of a tax sale is that the purchaser acquires whatever interests the tax debtor had in the property. Whitfield v. Jones, 270 So.2d 153
(La.App. 1972). The tax purchaser becomes the owner of the interest conveyed at the time of the tax sale and the fact that he does not take possession of the property at the time of the sale is of no moment. His tax deed and ownership are good against the world subject to the right of anyone having an interest therein to redeem same for a period of three years and the tax purchaser's failure to take physical possession of the property does not impair that title. Goodwill v. Smith,29 So.2d 188 (La.App. 1947).
Accordingly, it is the opinion of this office that the tax purchaser is the legal owner of the property by virtue of the tax sale and may be responsible for damages in the same manner and to the same extent as any other purchaser.
If we may be of further service in this matter, please advise.
Very truly yours,
 RICHARD P. IEYOUB Attorney General
BY: DAVID C. KIMMEL Assistant Attorney General DCK/jb